ADELINE LELLIS, APPELLANT, v. ROBERT ARCHIE, EXECUTIVE DIRECTOR, NEVADA DEPARTMENT OF EMPLOYMENT, BOARD OF REVIEW, NEVADA DEPARTMENT OF EMPLOYMENT SECURITY, STATE OF NEVADA DEPARTMENT OF EMPLOYMENT SECURITY, THE GIBBENS CO., INC., AND THE DESERT INN HOTEL, RESPONDENTS.

No. 7192

December 10, 1973                     516 P.2d 469

*B. Mahlon Brown, III,* Clark County Legal Service, for Appellant.

*Peter I. Breen, Hibbs & Bullis,* and *Stanley L. Lyon,* of Reno, for Gibbens Co.

*Morse, Foley & Wadsworth,* and *Roland S. Ericsson,* of Las Vegas, for Desert Inn Hotel.

## OPINION

By the Court, BATJER, J.:

Appellant Adeline L. Lellis was employed as a change girl by the respondent, Desert Inn Hotel, from September 4, 1970 until June 20, 1971. During her employment the appellant was

a part of a rotation policy which allowed change girls to alternate between the least desirable stations on the casino floor and the most desirable stations. The rotation was such that upon returning from their scheduled day off the girls would begin working the least desirable station and move progressively toward the most desirable station with the passing of each shift. In the record made at the hearing before the appeals tribunal, it is undisputed that this rotation policy was the result of a management-labor plan.

On the night of appellant's termination she had begun her shift at one of the more desirable stations. She left this station for a relief break and upon her return the floorman arbitrarily directed her, without any apparent valid reason, to take the least desirable station. The appellant objected to being removed from her station and was thereupon told by the floorman that she could either go to the station as he had directed or quit. Appellant continued her objection and was then assigned to another station where she worked for the remainder of that shift. The appellant's refusal to be rotated to the least desirable station was reported to the shift boss by the floorman, and at the end of that shift appellant's employment was terminated by the shift boss.

On July 21, 1971, appellant filed a claim for benefits with the Nevada Unemployment Compensation Service. On August 12, 1971, that service determined appellant was disqualified for misconduct connected with her work from receiving benefits under NRS 612.385. On August 16, 1971, appellant filed notice of appeal from the service's determination with the appeals tribunal. NRS 612.490, 612.495. A hearing was held before the appeals tribunal (NRS 612.500) and it entered its determination along with findings of fact, reversing the Unemployment Compensation Service decision and allowing benefits to appellant.

On September 13, 1971, respondents, Desert Inn Hotel and the Gibbens Company, Inc., requested pursuant to NRS 612.-515, for review of the appeals tribunal decision. On December 1, 1971 the board of review entered its decision reversing the appeals tribunal's determination and disqualifying the appellant for benefits for eleven weeks commencing June 20, 1971. Appellant filed a petition for review and appeal in the district court. On June 6, 1972, a hearing was held, pursuant to NRS 612.530, on appellant's petition and on July 17, 1972 an order was entered dismissing appellant's petition on the finding that there was substantial evidence to support the board of review's decision. This appeal followed.

Here we are faced with the determination of whether the assertion by Mrs. Lellis of her objection to the station change was misconduct within the meaning of NRS 612.385.[1]

In Barnum v. Williams, 84 Nev. 37, 41, 436 P.2d 219 (1968), this court quoted with approval from Boynton Cab Co. v. Neubeck, 296 N.W. 636 (Wis. 1941), and determined misconduct to be: ". . . [A] deliberate violation or disregard on the part of the employee of standards of behavior which his employer has the right to expect. Carelessness or negligence on the part of the employee of such a degree as to show a substantial disregard of the employer's interests or the employee's duties and obligations to his employer are also considered misconduct connected with the work."

The remonstrance voiced by Mrs. Lellis was not the type of behavior denoted in the definition of Boynton Cab Co. v. Neubeck, supra, where that court in dealing with the term "misconduct" said: "It is true that under the common, approved usage of the word 'misconduct,' several meanings are equally within the scope thereof. That is evidenced by such definitions of the word as the following: 'Bad behavior, improper conduct, mismanagement; wrong behavior, wrong conduct; any improper or wrong conduct; in usual parlance, a transgression of some established and definite rule of action, where no discretion is left, except what necessity may demand. . . .' " 296 N.W. at 639.

The objection to the change of stations by Lellis lacks any element of wrongfulness. When Lellis returned from her dinner break she had a right to expect that she would take her same place in the rotation pursuant to the management-labor plan. When she was informed of her change to the least desirable station she took exception and then compromised her exception by taking a station which was not as desirable as her prebreak station, but not the least desirable station.

In Barnum v. Williams, supra, it was determined that in reviewing in an administrative board's decision this court, like the district court, is limited to the record presented below and

---

[1]NRS 612.385: "An individual shall be disqualified for benefits for the week in which he has been discharged by his most recent employing unit for misconduct connected with his work, if so found by the executive director, and for not more than 15 consecutive weeks thereafter occurring within the current benefit year, or within the current and following benefit year, as determined by the executive director in each case according to the seriousness of the misconduct."

to the determination of whether the board acted arbitrarily or capriciously. See also Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972). In No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967), we determined that: "We should not pass upon the credibility of witnesses or weigh the evidence, but limit review to a determination that the board's decision is based upon substantial evidence." 83 Nev. at 281.

Pursuant to NRS 612.515(3) the board of review may ". . . affirm, modify or reverse the findings or conclusions of the appeal tribunal *solely* on the basis of evidence previously submitted, or upon the basis of such additional evidence as *it* may direct to be taken." (Emphasis added.) The record does not indicate that the board of review directed that any new evidence be taken. Therefore, the board of review and this court are now bound by the evidence recorded by the appeals tribunal.

The decision by the board of review that appellant's objection to the change of station amounted to "misconduct connected with her work" finds no basis in substantial evidence in the record. We find nothing that should preclude appellant from compensation under NRS 612.385. The order of the district court is reversed with instructions to reinstate the decision of the appeals tribunal.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.