Oliver **HOLT, Jr., Petitioner-Appellant,**

v.

**IOWA DEPARTMENT OF JOB SER-
VICE and Area Education Agency
Seven, Respondents-Appellees.**

No. 2–66811.

Court of Appeals of Iowa.

Jan. 26, 1982.

Mark R. Adams of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey & Edmund Schlak, Jr., Des Moines, for respondent-appellee department.

Steven A. Weidner of Swisher & Cohrt, Waterloo, for respondent-appellee education agency.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

SNELL, Judge.

Petitioner appeals from the district court decision on judicial review of the Iowa Department of Job Service's denial of unemployment benefits, claiming the evidence was insufficient to support a finding he was guilty of misconduct on the job. We reverse the district court's denial of unemployment benefits and affirm the decision of the hearing officer of the Iowa Department of Job Service.

Petitioner, Oliver Holt, Jr., is a public school teacher. Petitioner was employed by respondent, as a special education teacher for the chronically disruptive or emotionally disabled for the school years from 1976 through 1979. Although petitioner had not qualified for a permanent certification, which was necessary for him to continue in his position, he was granted a temporary certification, which permitted him to continue teaching until he finished the coursework for the permanent certification. Petitioner enrolled in and successfully completed some of the courses required for permanent certification in the summer of 1977. However, he did not successfully complete the required coursework by the deadline established, due to a serious injury sustained by his wife. Petitioner sought an extension of the deadline, but his request was refused. He was then discharged by his employer for failing to meet the minimum requirements of his job classification. At the time of discharge, petitioner was one hour short of qualifying for a permanent teaching certificate in his special area.

After unsuccessfully resisting his discharge, petitioner filed for unemployment

benefits from the Iowa Department of Job Service. The initial decision by the hearing officer held petitioner had been discharged for no disqualifying reasons and, therefore, he should be allowed unemployment benefits. The Appeals Board then reversed the hearing officer, holding petitioner was discharged for misconduct when he failed to satisfy the terms of his employment contract. Petitioner sought and was granted a rehearing before the Appeals Board. Pursuant to section 96.5, subd. 1, the Code 1979, which provides: "An individual shall be disqualified for benefits: If he or she has left his or her work voluntarily without good cause attributable to his or her employer, if so found by the department," the Appeals Board again denied unemployment benefits to petitioner.

Petitioner then filed for judicial review in the district court. The district court affirmed the denial of unemployment benefits to petitioner, not for the reason of a "voluntary quit" by petitioner, but instead, held petitioner was disqualified for misconduct. Petitioner appeals the decision of the district court, claiming the district court erred as a matter of law in concluding petitioner was guilty of misconduct. Two theories are asserted: (1) there was no substantial evidence of misconduct as that term has been interpreted, and (2) the district court's decision was contrary to the Iowa Department of Job Service's rules defining misconduct. Petitioner also claims the trial court abused its discretion by applying the misconduct provisions of the Iowa Employment Security Act to petitioner's situation.

Our review is limited to a determination of whether the trial court committed an error at law. § 17A.19(8)(e), The Code 1979. In this case our review is limited to a determination of whether the district court erred in finding substantial evidence in the record of misconduct on the part of petitioner. *See Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22, 25 (Iowa 1977). We take as established factual findings of the agency that have substantial support in the record. *See Hoffman v. Iowa Department of Transportation*, 257 N.W.2d at 25. However, we are entitled to

"make anew the judicial determinations specified in § 17A.19(8)." Thus, we must determine whether, on the record presented, the facts found by the agency constitute misconduct" under 370 I.A.C. § 4.32(1)(a), which defines misconduct.

The Iowa Department of Job Service defines "misconduct" as:

> . . . a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

370 I.A.C. § 4.32(1)(a). *See also Huntoon v. Iowa Department of Job Services*, 275 N.W.2d 445, 447–48 (Iowa 1979). Clearly the focus of 370 I.A.C. § 4.32(1)(a) is on deliberate or intentional acts by an employee. Chapter 370 I.A.C. § 4.32(1)(a) defines "misconduct" in terms of "deliberate act[s] or omission[s]," "willful or wanton disregard of an employer's interest," "deliberate violations or disregard of standards of behavior" and "culpability, wrongful intent or evil design." Section 4.32(a)(1) excludes from the definition of misconduct "failure in good performance as the result of inability or incapacity." In *Huntoon v. Iowa Department of Job Services*, 275 N.W.2d at 448, the court stated misconduct connotes volition.

Applying the above principles to the facts in this case, we are of the opinion petitioner was not guilty of misconduct. Petitioner attempted in good faith to satisfy the requirements for a permanent teaching certificate in his special area. Only because of a serious injury to his wife, and the resulting necessity for him to care for their four children, did petitioner fail to satisfy the requirements by the deadline. That does not constitute "willful or wanton disregard of an employer's interest" or "deliberate act[s] or omission[s]." *Accord Means v. Hamilton Hospital,* 412 A.2d 1053, 1053–54 (N.J.1980); *Milwaukee County v. Department of Industry, Labor and Human Relations Commission,* 80 Wis.2d 445, 259 N.W.2d 118, 121–24 (Wis.1977). Accordingly, we reverse the trial court's order denying unemployment benefits to petitioner on the ground of employee misconduct, affirm the portion of the trial court's order finding petitioner did not voluntarily quit his job and reinstate the decision of the agency hearing officer finding petitioner eligible for unemployment benefits.

AFFIRMED IN PART AND REVERSED IN PART.