LARRY O. McCRACKEN, Executive Director STATE OF NEVADA EMPLOYMENT SECURITY DEPARTMENT, BOARD OF REVIEW OF STATE OF NEVADA EMPLOYMENT SECURITY DEPARTMENT AND STROBECK AND ASSOCIATES, INC., Appellants, *v.* RETA B. FANCY, Respondent.

No. 12678

January 28, 1982                    639 P.2d 552

*John A. Flangas,* Reno, for Appellants.

*Reta B. Fancy,* In Proper Person.

## OPINION

*Per Curiam:*

This is an appeal from a district court order reversing a decision of the appeals tribunal of the Nevada Employment Security Department (NESD). Because we find that the district

court improperly substituted its judgment for that of the administrative department, we reverse.

On October 8, 1979, respondent Reta B. Fancy voluntarily terminated her employment as secretary/bookkeeper for a Las Vegas company. Thereafter, she applied for unemployment compensation benefits. After receiving one check for $67.00, Fancy was informed that she would receive no further benefits and that she had to return the previously issued check for $67.00. Appellant Larry O. McCracken, Executive Director of the NESD, had determined that Fancy had terminated her employment voluntarily without good cause and therefore did not qualify for unemployment benefits. *See* NRS 612.380.

Fancy appealed to the NESD's appeals tribunal. A hearing was held in Long Beach, California, where Fancy had moved, and the tape of the hearing was transmitted to the appeals tribunal for its decision. Fancy was the only witness at the hearing. She also introduced into evidence certain letters and documents relating to her unsuccessful attempt to secure unemployment benefits. After reviewing the evidence, the appeals referee denied Fancy's claim and held her liable for the overpayment of $67.00. *See* NRS 612.365.

Fancy then appealed to the NESD's board of review. By a letter dated January 31, 1980, the board of review declined to review her appeal. *See* NRS 612.515(1). Fancy sought judicial review of the administrative decision against her. On April 25, 1980, the district court reversed the appeals tribunal's decision and ordered that Fancy receive unemployment compensation. The district court's order stated no reason for the reversal. The NESD has appealed.

The sole issue on appeal is whether the district court erred by reversing the appeals referee's decision that Fancy had terminated her employment voluntarily without good cause and therefore was ineligible for unemployment compensation. In reviewing an administrative board's decision, this court, like the district court, is limited to the record below and to the determination of whether the board acted arbitrarily or capriciously. Turk v. Nevada State Prison, 94 Nev. 101, 575 P.2d 599 (1978); Lellis v. Archie, 89 Nev. 550, 516 P.2d 469 (1973); Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968). The question is whether the board's decision was based on substantial evidence; neither this court, nor the district court, may substitute its judgment for the administrator's determination. Varela v. City of Reno Civil Serv., 97 Nev. 575, 635 P.2d 577 (1981); No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967).

The relevant statutory provision is former NRS 612.380,[1] which provided:

A person is ineligible for benefits for the week in which he has *voluntarily* left his last or next to last employment *without good cause,* if so found by the executive director, and until he earns remuneration in covered employment equal to or exceeding his weekly benefit amount in each of 10 weeks. (Emphasis added.)

Despite the fact that Fancy presented all the evidence at the administrative hearing, the evidence was conflicting at best. She testified that she had been misled about the nature of the work; that although hired as a secretary/bookkeeper, 95 percent of her work involved accounting; and that she was losing her secretarial skills and being underpaid. However, the record also reveals a signed statement in which Fancy, in referring to leaving her Nevada job, stated:

I originally went to Las Vegas in Oct, '77 when my daughter was very ill, to help out. *I much prefer Southern Calif so decided to return. The decision had nothing to do with my job.* I gave my employer 3 weeks notice of leaving. (Emphasis added.)

In denying Fancy unemployment compensation, the appeals referee stated:

The evidence of this present case is quite clear that the claimant left her employment to move to another geographical area and to seek work. At the time of her leaving, she had no firm promise of work nor any prospects of work. Claimant also wanted to move for personal reasons, she liked the southern California area better.

. . .

It is the opinion of this tribunal that the claimant left work to seek better work, but she had no firm promise of work at the time of leaving, thus the tribunal concludes that, the claimant voluntarily quit the work without good cause.

Fancy contends that the appeals referee imposed an arbitrary standard that she must have a firm offer of employment before she would be considered leaving with good cause. We disagree.

---

[1] NRS 612.380 was amended by the 1981 legislature. *See* 1981 Nev. Stats. ch. 379, § 3, p. 690. Former NRS 612.380 was preserved as NRS 612.380(1), and a new subsection 2 was added. The amendment does not affect the outcome of this case.

Viewing the decision as a whole, it appears that Fancy's failure to have another job offer was only one factor in the referee's decision. He was also persuaded by the evidence that she simply wanted to live in California. There is substantial evidence supporting the appeals referee's decision that Fancy left her employment voluntarily without good cause. It follows that the district court erred by substituting its judgment for that of the administrative department.

The district court's order is reversed and the appeals referee's decision is reinstated.