ROBERT D. KRAFT, APPELLANT, *v.* NEVADA EMPLOYMENT SECURITY DEPARTMENT, STATE OF NEVADA; STANLEY P. JONES, IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF THE NEVADA EMPLOYMENT SECURITY DEPARTMENT; AND IMPERIAL 400 MOTOR LODGE, RESPONDENTS.

No. 15960

May 1, 1986                                    717 P.2d 583

*Nevada Indian Rural Legal Services* and *Richard E. Olson,* Carson City, for Appellant.

*Crowell, Crowell, Crowell & Susich* and *Daniel L. O'Brien,* Carson City, for Respondents.

## OPINION

*Per Curiam:*[1]

The Employment Security Department (ESD) determined that appellant, an employee fired by his last employer, had been terminated for misconduct and was therefore ineligible for unemployment benefits. The district court upheld that determination and this appeal followed.

Appellant was employed as a laundry worker at the Imperial 400 Motor Lodge in Las Vegas from December, 1982, until May, 1983. On May 21, 1983, appellant was on his way to work when his car broke down. Although he initially stated that he had been driving along the "freeway" when the breakdown occurred, he later testified that he had been on the Boulder Highway and had stalled near the Showboat Casino.

Appellant had previously been told by his employer to "call in" if he anticipated being late or absent. In this instance, appellant claimed, there was no telephone in the vicinity and,

---

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon motion of respondent Employment Security Department, we have determined that our decision should be issued in a public opinion. Accordingly, we hereby issue this opinion in place of our order dismissing appeal filed March 5, 1986.

accordingly, he made no attempt to contact his supervisor in order to apprise her of the problem. Instead, he remained standing next to his car for over 3 hours, until a passerby stopped and volunteered to give him a tow. Appellant was fired either the same day or the day after.

Appellant's subsequent application for unemployment benefits was denied on the ground that he had been terminated for misconduct within the meaning of NRS 612.385.[2] This determination was appealed to an appeals referee, who entered an order awarding benefits. The employer thereafter sought review by the ESD board of review. Although the board largely accepted appellant's version of the facts, it entered a decision reversing the appeals referee. Appellant filed a petition for review in the district court, which upheld the decision of the board. This appeal followed.

Appellant initially contends that the board of review impermissibly substituted its judgment for that of the appeals referee; he argues that the board was obligated to uphold the referee's decision if that decision was supported by substantial evidence. Although this precise question was not then before us, we implicitly rejected appellant's argument in a case decided last year. *See* Leeson v. Basic Refractories, 101 Nev. 384, 705 P.2d 137 (1985). In *Leeson,* the district court had reversed a decision of the board of review. We held that, because the board's determination was supported by substantial evidence, the district court had erred in setting it aside. In so holding, we stated:

> Pursuant to NRS 612.515(3), the Board of Review is authorized to "affirm, modify or reverse" a decision of the appeals referee. The Board may act "solely on the basis of evidence previously submitted, or upon the basis of such additional evidence as it may direct to be taken." *Id.*
>
> The district court's power to review a decision of the Board, however, is more limited. Where review is sought, the factual findings of the Board, if "supported by evidence . . . shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." NRS 612.530(4). Our decisional law is to the same effect. . . . In short, *while the Board of Review is empowered to conduct a de novo review of the decisions of the appeals referee,* the district court has no similar authority with respect to the decisions of the Board.

---

[2] NRS 612.385: "A person is ineligible for benefits for the week in which he has filed a claim for benefits, if he was discharged from his last or next to last employment for misconduct connected with his work, and remains ineligible until he earns remuneration in covered employment equal to or exceeding his weekly benefit amount in each of not more than 15 weeks thereafter as determined by the executive director in each case according to the seriousness of the misconduct."

101 Nev. at 385-86, 705 P.2d at 138; emphasis added. If the two statutes referred to in *Leeson* are read together, it seems clear to us that appellant's argument must be rejected. While the board of review is authorized to "affirm, modify or reverse" the appeals referee on the basis of the existing record, the jurisdiction of the district court is "confined to questions of law." NRS 612.515(3); 612.530(4). The district court has no power to undertake a *de novo* review, but it is clearly contemplated that the board of review shall have such authority. Accordingly, we reject appellant's argument on this point.

Appellant's primary contention is that his conduct did not amount to misconduct within the meaning of NRS 612.385. We have defined misconduct to include "[c]arelessness or negligence on the part of the employee of such a degree as to show a substantial disregard of the employer's interests or the employee's duties and obligations to his employer." Barnum v. Williams, 84 Nev. 37, 41, 436 P.2d 219, 222 (1968). While this court has never addressed conduct of the sort at issue here, numerous decisions in other jurisdictions hold that an employee is guilty of misconduct if he unreasonably fails to give his employer notice of his anticipated absence or tardiness. *See, e.g.,* Jenkins v. Agri-Lines Corp., 602 P.2d 47 (Idaho 1979); Cronnelly v. Industrial Commission, 533 P.2d 950 (Colo.Ct.App. 1975). As the Supreme Court of Idaho has stated, "[i]t is the duty of the employee to have regard for the interests of his employer and for his own job security, and to act as a reasonably prudent person would in keeping contact with his employer. . . ." Doran v. Employment Security Agency, 267 P.2d 628, 630 (Idaho 1954). Although "circumstances may vary" this duty, "good faith on the part of the employee must always appear." *Id. Cf.* Northeastern Hosp. v. Com., Unemployment, Etc., 439 A.2d 1337 (Pa.Commw.Ct. 1982) (misconduct not present where employee made good faith effort to notify employer).

Two reasons were offered here for appellant's failure to contact his employer. First, appellant stated that he was unwilling to leave his disabled car. Clearly, however, appellant might have remained standing in the highway indefinitely had he not been offered assistance; there must be a point when inaction can only be viewed as the product of indifference. Implicit in the board's decision is a finding that appellant failed to act reasonably and in good faith under the circumstances. Even if we disagreed with that finding, we would be powerless to set it aside. *See* McCracken v. Fancy, 98 Nev. 30, 639 P.2d 552 (1982) (reviewing court may not substitute its judgment for that of the agency). Appellant also asserted that he could not have called his employer

because there was no telephone in the vicinity. Given the fact that appellant was in a business district, near a large casino, the board obviously rejected this testimony as incredible—as it was undoubtedly free to do. *See* Cross v. Industrial Commission, 359 S.W.2d 494 (Mo.Ct.App. 1962). Appellant's argument on this point is likewise without merit.

We have considered appellant's remaining contentions and reject them without further discussion. The judgment of the district court is affirmed.