STANLEY JONES, EMPLOYMENT SECURITY DEPART-
MENT OF THE State of Nevada and CENTRAL
TELEPHONE COMPANY, Appellants, v. LINDA C.
ROSNER, Respondent.

No. 16111

May 28, 1986                    719 P.2d 805

*Crowell, Crowell, Crowell & Susich,* Carson City, for Appellants.

*Denton & Denton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court reversing a

decision of an appeals referee of the Nevada Employment Security Department. Because we conclude that the district court improperly substituted its judgment for that of the administrative department, we reverse.

Respondent was employed as a customer service representative of Central Telephone Company. She held the highest classification for a service representative and was required to maintain a 90% accuracy level.

On February 10, 1984, respondent picked up the mail for her department from the internal mail box. As she sorted through the mail, respondent discovered a photocopy of one of her service orders indicating that she had made an error. Rather than delivering the copy to her supervisor, as she was required to do, respondent deposited it into a wastebasket. The supervisor would have used the copy to determine respondent's accuracy level. Also, if the supervisor did not receive the copy, she would not discover that an error had been made.

One of respondent's co-workers saw respondent discard the copy and reported the incident to respondent's supervisor. When respondent was confronted, she readily admitted having destroyed the document. Respondent's employment was terminated.

Respondent sought unemployment compensation. The executive director of the Nevada Employment Security Department denied respondent benefits on the basis that she was terminated for misconduct. *See* NRS 612.385. Following a hearing, an appeals referee affirmed the decision of the department. The board of review refused to accept the appeal. *See* NRS 612.515(1). Respondent sought judicial review of the administrative decision. The district court reversed the decision of the appeals referee and ordered that respondent receive unemployment compensation. The district court's order stated no reason for the reversal.

On appeal, appellants contend that the district court, in reviewing an agency determination, is confined to the record and must affirm the agency decision if it is based on substantial evidence and is neither arbitrary nor capricious. *See* State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984); McCracken v. Fancy, 98 Nev. 30, 639 P.2d 552 (1982); Lellis v. Archie, 89 Nev. 550, 516 P.2d 469 (1973). Appellants assert that the district court may not substitute its judgment for the judgment of the agency. *Id.*

Respondent contends, on the other hand, that the cases cited by appellants apply only to questions of fact. Respondent then asserts that whether her acts amounted to misconduct within the meaning of NRS 612.385 is a question of law which may be

decided by the district court without deference to the agency. *See* Nyberg v. Nev. Indus. Comm'n, 100 Nev. 322, 683 P.2d 3 (1984).

While it is true that the district court is free to decide pure legal questions without deference to an agency determination, the agency's conclusions of law, which will necessarily be closely related to the agency's view of the facts, are entitled to deference, and will not be disturbed if they are supported by substantial evidence. *See* Barnum v. Williams, 84 Nev. 37, 42, 436 P.2d 219, 222 (1968) (district court erred in reversing agency because "the findings of fact and conclusions of law submitted by the appeals referee were supported by the evidence presented at the hearings"); *see also* 5 K. Davis, *Administrative Law Treatise* § 29:1 (2d ed. 1984).

We have defined misconduct to include any "deliberate violation or disregard on the part of the employee of standards of behavior which his employer has the right to expect." *Lellis,* 89 Nev. at 553, 516 P.2d at 470. Further, a single act may amount to misconduct under some circumstances. *See* Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968). Applying this standard, substantial evidence supports the decision of the appeals referee that respondent's conduct amounted to misconduct under NRS 612.385. Respondent admittedly destroyed a document which she knew her employer would have relied on to evaluate her performance. She also knew that the employer would not discover she had made an error if the document were destroyed. The employer characterized this act of dishonesty as significant, rather than minor, and stated that respondent could no longer be trusted. Therefore, the district court erred by substituting its judgment for the judgment of the appeals referee.

Accordingly, we reverse the order of the district court and reinstate the decision of the appeals referee.