STATE OF NEVADA EMPLOYMENT SECURITY DEPARTMENT AND STANLEY JONES, EXECUTIVE DIRECTOR OF THE EMPLOYMENT SECURITY DEPARTMENT, AND JANICE K. FREY, APPELLANTS, *v.* HILTON HOTELS CORPORATION, RESPONDENT.

No. 16865

December 18, 1986        729 P.2d 497

*Crowell, Crowell, Crowell & Susich* and *Daniel L. O'Brien,* Carson City, for Appellants.

*Lionel, Sawyer & Collins* and *Jeffrey D. Menicucci,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This action was brought originally after Frey had applied for employment compensation and was denied benefits. Frey appealed that determination and a hearing was held before an appeals referee. The referee denied Frey's claim and Frey appealed to the Employment Security Division Board of Review. The Board of Review, ruling on the record generated by the appeals referee, reversed the referee and awarded benefits. The Hilton then petitioned for review in the district court. The district court reversed the Board of Review and remanded for the reinstatement of the decision of the appeals referee, thus prompting this appeal by the Department of Employment Security.

Janice Frey was terminated by the Hilton on June 20, 1984. The primary reason for her termination was that she failed to call in and report that she would not be able to work her shift on June 19, 1984. The record, however, reflects substantial confusion as to whether she was originally scheduled to work on the day in question. Interspersed among the facts concerning the uncertainty of Frey's work schedule are additional sources of confusion involving Frey's obligation to appear for jury duty and the extent of her responsibility to inform her employer of her jury duty commitments. Suffice it to say that however one might ultimately characterize Frey's obligation to communicate with her employer on the June 19th date of her absence, the record does provide substantial evidentiary support for the Board of Review's decision. The district court was not free to substitute its judgment for that of the Board of Review, and reversal is therefore necessary.

When reviewing an administrative board's actions, this court, like the district court, is limited to the record below and to whether the board acted arbitrarily or capriciously. McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552 (1982). The question thus becomes whether the board's decision was based on substantial evidence; if based on substantial evidence neither this court, nor

the district court, may substitute its judgment for the administrator's determination. Leeson v. Basic Refractories, 101 Nev. 384, 705 P.2d 137, 138 (1985).

Substantial evidence has been defined as that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).[1] In determining that the Board of Review properly found for Frey, we analyzed its findings in light of the record. The Board's findings, in pertinent part, are as follows:

> In the case under consideration, if the employer's version of events were accepted, it would appear that claimant's ostensible absence without notice might be justified on the grounds of excusable error, in the confusion over the changed schedule and the jury duty. The appeal to the board, however, is to the effect that the referee erred in relying on the challenged schedule, in the absence of the scheduler, who might have posted a new schedule for entirely justifiable reasons or because he did not like claimant. Since the scheduler could not be cross examined, claimant's testimony should have been given greater weight. By this line of reasoning, which the board accepts, the absence on Tuesday was because of a scheduled day off, and no authorization or notice was required for that day.

The Board of Review acknowledged in Frey's action that employees may commit misconduct if they are absent without notice or justification. *See* Kraft v. Nev. Emp. Sec. Dept., 102 Nev. 191, 717 P.2d 583, 585 (1986).

The Board also provided a dual rationale for its decision. The Board stated that if the Hilton's position was accurate, there then appeared to be considerable confusion as to which day Frey had off, and therefore Frey's lack of communication constituted excusable behavior. The decision of the Board of Review implies

---

[1]Substantial evidence was well defined in *Robertson Transp. Co. v. P.S.C.*, 159 N.W.2d 636, 638 (Wis. 1968):

> [S]ubstantial evidence [does] not include the idea of this court weighing the evidence to determine if a burden of proof was met or whether a view was supported by the preponderance of the evidence. Such tests are not applicable to administrative findings and decisions. We [equate] substantial evidence with that quantity and quality of evidence which a reasonable man could accept as adequate to support a conclusion. And, in this process, sec. 227.20(1)(d) Stats. providing that the decision of an agency may be reversed if unsupported by substantial evidence in view of the entire record as submitted *does not permit this court to pass on credibility or to reverse an administrative decision because it is against the great weight and clear preponderance of the evidence, if there is substantial evidence to sustain it.* [Emphasis added.]

that excusable behavior would not be considered "wrongful." In Lellis v. Archie, 89 Nev. 550, 516 P.2d 469 (1973), this court held that acts which were in and of themselves "not wrongful" did not constitute misconduct so as to preclude an individual from receiving unemployment benefits. *Id.,* at 513, 516 P.2d at 417. An excusable mistake or omission could not be deemed wrongful and therefore would not warrant a denial of unemployment benefits.

However, the primary basis for the Board's decision was the greater weight it accorded the live testimony of Frey over the hearsay testimony which was admitted to prove that Frey was really scheduled to work on Tuesday.[2] The Hilton cites cases which basically argue that hearsay evidence can be regarded as substantial evidence for the purposes of an administrative hearing and that therefore hearsay evidence can be the basis of an administrative decision. *See* State v. Dept. of Motor Vehicles v. Kiffe, 101 Nev. 729, 709 P.2d 1017 (1985), *see also* Schaefer v. United States, 633 F.2d 945 (Ct.Cl. 1980). These cases are inapposite to the instant case. The Board did not exclude hearsay evidence, it simply gave greater weight to Frey's testimony. It chose to believe her story in a two-sided swearing contest in part because Frey was there to be cross-examined, while the author of the letter was not. There is no indication that the hearsay was not duly considered by the Board. The Board simply assigned it a different probative value.

The record definitely indicates confusion and inconsistencies in the stories of both parties. The Board of Review, as an independent trier of fact, had the record before it and made a decision that is supported by substantial evidence on appeal. This court gives deference to the findings of an administrative tribunal when they are supported by substantial evidence. Therefore, the order of the district court is reversed and remanded with instructions to order the Employment Security Division to compensate Frey in accordance with her entitlements under the law.

---

[2]The hearsay consisted of a letter submitted by the person who arranged the casino schedule, stating he had scheduled Frey to work on Tuesday. This letter was properly admitted into evidence at the Administrative Hearing, but the author was never present to be cross-examined, although he was available to be called as a witness.