**132 Nev., Advance Opinion 12**

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

NADINE GOODWIN,
Appellant,
vs.
CYNTHIA A. JONES AND RENEE
OLSON, AS FORMER AND PRESENT
ADMINISTRATORS; AND STATE OF
NEVADA, DEPARTMENT OF
EMPLOYMENT, TRAINING &
REHABILITATION, EMPLOYMENT
SECURITY DIVISION,
Respondents.

No. 62493

FILED

MAR 03 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review of an unemployment benefits decision. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

*Affirmed.*

Brian R. Morris, Reno,
for Appellant.

Neil A. Rombardo and J. Thomas Susich, Carson City,
for Respondents.

_____

BEFORE GIBBONS, C.J., TAO and SILVER, JJ.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

5/3/16: Corrected per letter to publishers. CT

16-900259

*OPINION*

By the Court, GIBBONS, C.J.:

The Nevada Legislature enacted unemployment compensation laws "to provide temporary assistance and economic security to individuals who become involuntarily unemployed." *Clark Cty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1445, 148 P.3d 750, 754 (2006) (internal quotation marks omitted). Pursuant to NRS 612.385, a terminated employee is ineligible to receive unemployment compensation benefits if the employer terminated the employee for misconduct connected with the employee's work. In this appeal, we consider whether an employee's failure to maintain a certification required by the employer constituted misconduct within the meaning of NRS 612.385. Here, because the employee did not provide sufficient evidence to demonstrate that she made a reasonable, good-faith attempt to maintain her certification, we conclude the employee's conduct amounted to disqualifying misconduct. Therefore, under the particular circumstances of this case, we affirm the district court's decision denying judicial review of the administrative agency's denial of appellant's application for unemployment benefits.

*BACKGROUND*

Appellant Nadine Goodwin first enrolled at Truckee Meadows Community College (TMCC) in 1999. In January 2001, Goodwin received a certification as an alcohol and drug abuse counselor intern, but the record does not reveal when she initially applied for her certification. Under state regulations applicable to alcohol and drug abuse counselor interns, a certified intern must complete the education requirements to become a certified counselor within ten years of the date on which the person applied for intern certification. Nevada Administrative Code

(NAC) 641C.290(5). Among other requirements, the intern must have a bachelor's degree to become a certified counselor. NRS 641C.390(1)(c).

In September 2003, Bristlecone Family Resources,[1] an agency that provides treatment programs for drug, alcohol, and gambling abuse or addiction, as well as family counseling services, hired Goodwin as a counselor intern. At some later but unknown date, Goodwin transitioned into an adult drug court administrator role, where she remained until Bristlecone terminated her employment.

In 2006, Goodwin signed Bristlecone's job description for her position acknowledging that, as a drug court administrator, she was "[r]esponsible to follow all necessary protocol to secure and maintain . . . Intern . . . Counselor status when appropriate." Goodwin also acknowledged that her job description included "[p]rovid[ing] direct client services, which [could] include individual counseling [and] group counseling." Additionally, Bristlecone circulated a letter informing all staff that, effective March 1, 2008, "[t]he Counselor Intern is responsible for maintaining proper licensure." The scope of the letter was "[a]ll staff" and specifically listed as responsible for compliance the "Clinical Director, Clinical Supervisors, [and] Human Resources." The letter warned that failure to maintain proper licensure may result in termination.

Goodwin received an associate's degree from TMCC in 2010, eleven years after she first enrolled. She then transferred her TMCC credits to Walden University to apply toward a bachelor's degree. Nothing in the record establishes how many credits Goodwin accumulated at TMCC or how many credits she transferred to Walden.

---

[1]Bristlecone Family Resources is not a party to this appeal.

On May 6, 2011, Wendy Lay, Executive Director of the State of Nevada Board of Examiners for Alcohol, Drug & Gambling Counselors (the Board), informed Goodwin by letter that Goodwin's intern certification would expire and she would be unable to renew it unless she completed her bachelor's degree by June 30, 2011. This letter was the first communication from the Board regarding Goodwin's certification expiration, and it occurred at least five months after the ten-year time period in NAC 641C.290(5) had already expired.

Goodwin responded to Lay in an email and stated, among other things: "I understand I cannot do any substance abuse counseling and I won't." Goodwin then sought an extension of her certification from the Board at its July 8, 2011, meeting; however, the Board denied her request. As a result, the Board confirmed the expiration of Goodwin's intern certification. Bristlecone terminated Goodwin the same day, citing her failure to maintain an intern certification or obtain a counselor certification as required by Bristlecone's employment policy.

Goodwin applied to respondent State of Nevada, Department of Employment, Training & Rehabilitation, Employment Security Division (ESD) for unemployment benefits.[2] ESD denied Goodwin's claim on the ground that she was terminated for misconduct connected with her work. Goodwin appealed ESD's decision to an appeals referee who conducted a hearing to determine whether Goodwin's conduct disqualified her from receiving unemployment benefits.

---

[2]Cynthia Jones and Renee Olson are also named as respondents in this appeal as former and present administrators, but their role in the underlying matter is unclear from the record, and neither has participated in the proceedings below or on appeal.

Goodwin testified at the hearing that she was five classes shy of attaining her bachelor's degree when Bristlecone terminated her. Goodwin asserted that she took the maximum number of classes offered by Walden (two classes every six weeks) but took at most three classes per semester at TMCC over the 11-year period of enrollment. She did not submit any documentary evidence to the appeals referee supporting her progress or the number of courses she took at any given time at TMCC. Goodwin explained to the appeals referee that she did not take more classes at TMCC because she worked full time and bore substantial responsibilities as a single mother of three children, ages 26, 24, and 19, at the time she was terminated.

Goodwin also stated she had relied on her conversations with Lay in believing the Board would grant her an extension. She testified that Lay advised her to provide transcripts to the Board to demonstrate her scholastic progress because of how close she was to completion. The record does not contain evidence that Goodwin submitted the transcripts to the Board. Additionally, Goodwin testified that she completed over 21,000 hours of work as a counselor intern.

The appeals referee found that Goodwin used nine years of the designated ten-year period to earn her associate's degree, leaving only one year to complete her bachelor's degree. The appeals referee also found that Goodwin's failure to maintain her intern certification violated Bristlecone's employment policy. Further, the appeals referee summarily found that Goodwin's conduct included an element of wrongfulness.

ESD's Board of Review denied Goodwin's appeal of the appeals referee's decision without comment. Goodwin then sought judicial review in the district court. The district court reviewed the prior proceedings and

 

concluded Goodwin's failure to attain her bachelor's degree within ten years constituted misconduct connected with her work. The district court therefore denied Goodwin's petition for judicial review. This appeal followed.

*ANALYSIS*

Goodwin argues that degree completion constitutes off-duty conduct. As such, she contends the appeals referee could only find it to be disqualifying misconduct if ESD established that the conduct violated a Bristlecone policy, which reasonably related to her job, and that she intentionally or willfully violated the policy. With regard to the last consideration, Goodwin argues that her failure to obtain her degree, and thus to maintain her certification, was not willful or intentional because she continuously pursued her education and maintained contact with the Board to try to obtain an extension when she failed to complete the education requirements in time.

ESD does not dispute that the behavior at issue constituted off-duty conduct, but argues that the policy regulating such behavior had a reasonable relationship to Goodwin's work. Moreover, ESD contends that Goodwin deliberately ignored the approaching deadline for obtaining her degree, and thus, that her failure to maintain her certification constituted a willful or intentional violation of Bristlecone's policy.

We review an administrative agency's decision to determine whether it was arbitrary or capricious or an abuse of discretion. NRS 233B.135(3)(f). The analysis of whether misconduct disqualifies an employee from receiving unemployment benefits is separate from the analysis of whether misconduct warrants termination and requires the

trier of fact to apply the legal definition of misconduct to the factual circumstances of the case. *Bundley*, 122 Nev. at 1446, 148 P.3d at 755.

When off-duty conduct violates an employer policy, the issue is whether "the employer's rule or policy has a reasonable relationship to the work to be performed; and if so, whether there has been an intentional violation or willful disregard of that rule or policy." *Clevenger v. Nev. Emp't Sec. Dep't*, 105 Nev. 145, 150, 770 P.2d 866, 868 (1989). The intentional violation or willful disregard requirement is consistent with the general definition of misconduct in the unemployment benefits context, which provides that misconduct is "a deliberate violation or disregard on the part of the employee of standards of behavior which his employer has the right to expect." *Barnum v. Williams*, 84 Nev. 37, 41, 436 P.2d 219, 222 (1968) (internal quotation marks omitted).

Thus, the threshold questions we must address are whether Bristlecone had a policy requiring Goodwin to maintain certification as an adult drug court administrator, and if so, whether that policy had a reasonable relationship to the work performed. We answer both questions in the affirmative.

*Goodwin was required to maintain her certification*

Goodwin initially argues that ESD failed to show that Bristlecone's policy required her to be certified in order to perform her job as a drug court administrator. ESD counters that Bristlecone required Goodwin to be certified, both by Bristlecone's policy and by law. In addition, ESD argues Bristlecone hired Goodwin as a drug counselor and, accordingly, she was subject to Bristlecone's employment policy requiring all drug counselors to maintain certification.

This court reviews a decision denying unemployment benefits to determine whether the administrative agency acted arbitrarily or capriciously. *See McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). Generally, this court looks to whether substantial evidence supports the agency's decision. *Bundley*, 122 Nev. at 1445, 148 P.3d at 754. More particularly, we review questions of law de novo, but fact-based legal conclusions are entitled to deference. *Id.* "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion."[3] *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 424, 851 P.2d 423, 424-25 (1993).

NRS Chapter 641C governs intern certification for alcohol and drug counseling. Under that chapter, it is a misdemeanor offense for a person to "engage in the practice of counseling alcohol and drug abusers" without a proper certification. NRS 641C.900; NRS 641C.950. Thus, if Goodwin's job duties required her to practice counseling, and she engaged in any counseling whatsoever, then the law required her to maintain her intern certification or to obtain counselor certification. *See* NRS 641C.900; NRS 641C.950.

The appeals referee concluded that Bristlecone's employment policy required Goodwin to maintain her certification. At the hearing, ESD submitted into evidence Bristlecone's written employment policy, which stated that adult and family drug court administrators are required to provide direct client services, including individual or group counseling.

---

[3]The Nevada Revised Statutes similarly define substantial evidence as "evidence which a reasonable mind might accept as adequate to support a conclusion." NRS 233B.135(4), *amended by* 2015 Nev. Stat., ch. 160, § 11, at 711.

Additionally, the policy stated that Bristlecone's drug court administrators must maintain certified intern status where appropriate. Moreover, Goodwin testified that she engaged in 21,000 hours of counseling while employed at Bristlecone.

Therefore, we conclude Goodwin's job description and her testimony provide substantial evidence to support the appeals referee's findings that Bristlecone's certification requirement applied to Goodwin, who worked as a drug court administrator, and that this requirement was reasonably related to Goodwin's employment. Thus, the issue of whether Goodwin's behavior constituted an intentional violation or willful disregard of that policy must now be addressed. *See Clevenger*, 105 Nev. at 150, 770 P.2d at 868.

*Failure to maintain required certification constituted disqualifying misconduct*

Initially, the employer bears the burden of showing by a preponderance of the evidence that the employee engaged in disqualifying misconduct under NRS 612.385. *Bundley*, 122 Nev. at 1447-48, 148 P.3d at 755-56. If the employer meets this burden, the burden then "shifts to the former employee to demonstrate that the conduct cannot be characterized as misconduct within the meaning of NRS 612.385, for example, by explaining the conduct and showing that it was reasonable and justified under the circumstances." *Id.* at 1448, 148 P.3d at 756. Findings of misconduct present mixed questions of law and fact, which are generally given deference unless they are not supported by substantial evidence. *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986).

The Nevada Supreme Court has generally determined that an employee's violation of an employment policy is an intentional violation or willful disregard when the employee knows of the policy yet deliberately chooses not to follow the policy. *See, e.g., Fremont Hotel & Casino v. Esposito*, 104 Nev. 394, 398, 760 P.2d 122, 124 (1988) (concluding that a cocktail server's refusal to take a drug and alcohol test after being reminded that the union-employer contract required testing was an intentional violation of that policy); *Barnum*, 84 Nev. at 42, 436 P.2d at 222 (concluding that an employee driver intentionally violated a company policy when he deliberately removed a mandated safety tracking device from a company truck despite knowing the device was required on all trips).

The Nevada Supreme Court has also determined that a substantial disregard of the employer's interest may be demonstrated when the violation of an employment policy is the result of a lack of action. For example, in *Kraft v. Nevada Employment Security Department*, 102 Nev. 191, 194-95, 717 P.2d 583, 585 (1986), the court concluded that an employee's failure to notify his employer of his absence in accordance with the employer's notice policy constituted disqualifying misconduct. There, the employee failed to notify his employer that he would not be at work when his car broke down on the way to work. *Id.* at 192-93, 717 P.2d at 584. The employee in *Kraft* explained that he did not notify his employer of his absence because there were not any telephones in the immediate vicinity. *Id.* The court, however, concluded that substantial evidence supported the agency's finding that a telephone was probably nearby and that the employee's failure to make any effort to locate a telephone for

over three hours constituted misconduct. *Id.* at 194-95, 717 P.2d at 584-85.

In analyzing the employee's circumstances in *Kraft,* the court stated that "there must be a point when inaction can only be viewed as the product of indifference." *Id.* at 194, 717 P.2d at 585. The court declared that "it is the duty of the employee to have regard for the interests of his employer and for his own job security . . . . Although circumstances may vary this duty, good faith on the part of the employee must always appear." *Id.* (internal quotations omitted). The court concluded the employee failed to act reasonably and in good faith under the circumstances; therefore, his inaction constituted disqualifying misconduct. *Id.* at 194-95, 717 P.2d at 585.

While the Nevada Supreme Court has never addressed whether an employee's failure to maintain a certification in accordance with an employer policy constitutes disqualifying misconduct, other jurisdictions have. *See, e.g., Holt v. Iowa Dep't of Job Serv.,* 318 N.W.2d 28 (Iowa Ct. App. 1982); *Chacko v. Commonwealth, Unemployment Comp. Bd. of Review,* 410 A.2d 418 (Pa. Commw. Ct. 1980); *Hicks v. Commonwealth, Unemployment Comp. Bd. of Review,* 383 A.2d 577 (Pa. Commw. Ct. 1978). As a Pennsylvania court stated, "academic failure after a good-faith effort would not be willful misconduct," but where the employee accepted a position knowing doctoral studies were required, refusing to pursue those studies without good reason constituted, among other things, an "intentional and substantial disregard" inimical to the employer's interest and was deemed willful misconduct. *Millersville State*

11

*Coll., Pa. Dep't of Educ. v. Commonwealth, Unemployment Comp. Bd. of Review*, 335 A.2d 857, 860 (Pa. Commw. Ct. 1975).[4]

The burden of demonstrating a good-faith effort is on the employee; the employee does not meet this burden unless the employee supports a good-faith claim with evidence. *See Chacko*, 410 A.2d at 419; *see also Bundley*, 122 Nev. at 1447-48, 148 P.3d at 755-56. The employee may, however, meet this burden by providing evidence that an unforeseen circumstance thwarted a good-faith attempt to satisfy a license requirement. *See Holt*, 318 N.W.2d at 30 (concluding that failure to comply with an employer's license requirement was not a willful disregard or intentional violation of the requirement because the employee's spouse became unexpectedly ill requiring the employee to take care of the couple's four children).

We find the rationale behind these decisions instructive when considered in light of existing Nevada law regarding misconduct in the unemployment benefits context. In this case, substantial evidence supports the conclusion that Goodwin had ample notice of the law pertaining to certification and of Bristlecone's certification requirement,

---

[4]Goodwin argues, unconvincingly, that Pennsylvania applies its misconduct statute differently than Nevada because Pennsylvania denies unemployment benefits to employees terminated due to incarceration, whereas Nevada does not. We reject this argument because Pennsylvania does not apply a bright-line rule; rather, the misconduct determination is based on the circumstances of each case. *See Wertman v. Commonwealth, Unemployment Comp. Bd. of Review*, 520 A.2d 900, 903 (Pa. Commw. Ct. 1987) (distinguishing cases where an employee incarcerated due to an inability to post bail cannot be said to have engaged in willful misconduct, whereas an employee incarcerated as a result of a conviction could yield a finding of willful misconduct).

but failed to take steps to ensure that she fulfilled this requirement on time, despite having ten years in which to obtain her degree. Given the clear requirement and the length of time available to comply, we conclude that ESD met its initial burden of showing that Goodwin's failure to maintain her certification constituted misconduct. *See Bundley*, 122 Nev. at 1447-48, 148 P.3d at 755-56. Thus, the burden shifted to Goodwin to provide evidence demonstrating that she made a reasonable, good-faith attempt to comply with the certification requirement and that her failure to comply was justified under the circumstances of this case.

Implicit in the appeals referee's decision concluding that Goodwin's actions constituted misconduct is the finding that the failure to take sufficient courses to ensure that she graduated on time was neither reasonable nor in good faith under the circumstances. We are generally bound by the fact-based legal conclusions made by the administrative agency, such that, "[e]ven if we disagreed with [the agency's] finding, we would be powerless to set it aside" if it is supported by substantial evidence. *See Kraft*, 102 Nev. at 194, 717 P.2d at 585 (citing *McCracken*, 98 Nev. at 31, 639 P.2d at 553). Further, we cannot pass on the credibility of a witness. *Lellis v. Archie*, 89 Nev. 550, 554, 516 P.2d 469, 471 (1973). Thus, we must examine the record that was before the administrative agency to ascertain whether the agency acted arbitrarily or capriciously. *Bundley*, 122 Nev. at 1444, 148 P.3d at 754.

Here, Goodwin's primary explanation for not completing the coursework was due to her work and family responsibilities. Goodwin, however, did not assert, and the record does not contain evidence showing, that she did not understand her family responsibilities at the time she applied for her intern certification or when she accepted her position with

Bristlecone, such that she would not have known that she would need to balance those responsibilities in order to ensure her timely graduation. *Cf. Holt*, 318 N.W.2d at 30. Nor did she provide sufficient evidence to demonstrate that her progress towards her degree constituted a reasonable, although ultimately unsuccessful, attempt to obtain her degree in time to ensure her continuous compliance with the certification requirement.

In particular, Goodwin testified that she was only able to take, at most, three courses per semester at TMCC and could not work part time to allow her to take more courses. Goodwin, however, failed to provide any evidence demonstrating the number of courses she took at any given time throughout her tenure at TMCC; indeed, the record is devoid of any documentary evidence of her progress as she worked toward her degree. Therefore, there was a lack of evidence on which the appeals referee could have found that Goodwin made a reasonable, good-faith effort to graduate on time. *See Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (explaining that a lack of evidence may provide a basis for upholding an administrative agency's decision under the substantial evidence standard).

Moreover, Goodwin testified that she finally received her associate's degree 11 years after initially enrolling at TMCC (which was also 9 years after receiving her counselor intern certification). The appeals referee determined that Goodwin should have been focusing her efforts on her bachelor's degree. When she finally transferred to Walden University, only one year remained before her certification expired. Goodwin provided no evidence showing how many credits she earned

while attending TMCC or how many credits Walden accepted to apply towards her bachelor's degree.

Further, although Goodwin asserts that she maintained contact with the Board and thought she would receive an extension, nothing in the record demonstrates that Goodwin sought such an extension until after the ten-year period had already expired. Thus, this effort does not show that Goodwin took timely and reasonable steps to try to comply with the certification requirement.

We cannot substitute our judgment for that of the appeals referee regarding the weight of evidence. *See Bundley*, 122 Nev. at 1445, 148 P.3d at 754. In this case, Goodwin presented insufficient evidence on which the appeals referee could conclude she made a reasonable, good-faith attempt at meeting the certification requirement. *See Wright*, 121 Nev. at 125, 110 P.3d at 1068. Thus, we are bound by law to uphold the appeals referee's determination. *See Kraft*, 102 Nev. at 194, 717 P.2d at 585.

## CONCLUSION

On this record, we conclude that substantial evidence supports the appeals referee's finding that Goodwin's failure to comply with Bristlecone's certification policy amounted to a substantial disregard of a reasonable employer policy—an action that amounted to disqualifying misconduct. *See Garman*, 102 Nev. at 566, 729 P.2d at 1337. Further, because Goodwin failed to provide sufficient evidence regarding the progress she made in attempting to timely graduate, we conclude she did not satisfy her burden of proving she made a reasonable and good-faith attempt to meet the employer's requirements. Accordingly, because we conclude the administrative agency's decision was not arbitrary,

capricious, or an abuse of discretion, NRS 233B.135(3)(f), we affirm the district court's order denying judicial review.

_____, C.J.
Gibbons

We concur:

_____, J.
Tao

_____, J.
Silver

COURT OF APPEALS
OF
NEVADA

(O) 1947B