ART LEESON, An Individual, The BOARD OF REVIEW
For The NEVADA EMPLOYMENT SECURITY
DEPARTMENT, And The Executive Director of The
NEVADA EMPLOYMENT SECURITY DEPARTMENT,
Appellants, *v.* BASIC REFRACTORIES, A Subsidiary
of COMBUSTION ENGINEERING, INC., Respondent.

No. 15551

August 27, 1985                                705 P.2d 137

*Crowell, Crowell, Crowell & Susich* and *Daniel O'Brien,* Carson City, for Appellants.

*Vargas & Bartlett* and *Robert W. Marshall,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court reversing a decision of the Board of Review of the Employment Security

Department (ESD). The Board's decision granted unemployment benefits to appellant Art Leeson.

Leeson was employed by respondent Basic Refractories from September, 1976, until his discharge in July, 1982. He subsequently applied for unemployment benefits with the ESD. After determining that Leeson was not terminated for misconduct within the meaning of NRS 612.385,[1] the Executive Director of the ESD granted Leeson unemployment benefits. Respondent appealed the decision to an appeals referee.

The appeals referee heard testimony on the matter during a September, 1982, telephone conference call with Leeson and respondent's representative. The representative read statements previously written by respondent's employees into the record. Leeson testified on his own behalf.

On October 6, 1982, the appeals referee determined that Leeson was ineligible for unemployment benefits because he had been discharged for misconduct. Leeson appealed the referee's decision to the Board of Review. On February 7, 1983, the Board reversed the appeals referee and awarded benefits. Respondent sought review in the district court. The district court reversed the Board's decision and reinstated the decision of the referee. This appeal followed.

Pursuant to NRS 612.515(3), the Board of Review is authorized to "affirm, modify or reverse" a decision of the appeals referee. The Board may act "solely on the basis of evidence previously submitted, or upon the basis of such additional evidence as it may direct to be taken." *Id.*

The district court's power to review a decision of the Board, however, is more limited. Where review is sought, the factual findings of the Board, if "supported by evidence . . . shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." NRS 612.530(4). Our decisional law is to the same effect. We have held that, in reviewing the decision of an administrative agency, the district court is limited to a determination of whether the board acted arbitrarily or capriciously. State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984); McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). As we stated in *Weber,* "[t]he question is

---

[1]NRS 612.385 states:

> A person is ineligible for benefits for the week in which he has filed a claim for benefits, if he was discharged from his last or next to last employment for misconduct connected with his work, and remains ineligible until he earns remuneration in covered employment equal to or exceeding his weekly benefit amount in each of not more than 15 weeks thereafter as determined by the executive director in each case according to the seriousness of the misconduct.

386

whether the board's decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency." 100 Nev. at 124, 676 P.2d at 1320. In short, while the Board of Review is empowered to conduct a *de novo* review of the decisions of the appeals referee, the district court has no similar authority with respect to the decisions of the Board.

The parties presented conflicting evidence concerning the reason for Leeson's termination. The statements prepared by respondent's employees indicated that Leeson's employment was terminated because he refused to complete assigned tasks and became belligerent with his temporary supervisor. In contrast, Leeson testified that he attempted to complete the assigned work, but lacked sufficient time. Leeson also testified, in effect, that the temporary supervisor had planned to terminate him without cause as soon as Leeson's regular supervisor left on vacation.

Our review of the record indicates that the Board reviewed the disputed facts of this case and determined that Leeson had not been terminated for misconduct. The record discloses substantial evidence supporting that determination. *See* Lellis v. Archie, 89 Nev. 550, 553, 516 P.2d 469, 470 (1973) (misconduct defined as deliberate violation or disregard of standards). The district court may have preferred the appeal referee's decision; it was not free, however, to choose among the various administrative decisions or to substitute its judgment for that of the Board. Because the Board's decision was not arbitrary, capricious, or unsupported by substantial evidence, the district court erred in reversing the Board's determination. State, Emp. Sec. Dep't v. Weber, 100 Nev. at 124-125, 676 P.2d at 1320.

Accordingly, we reverse the order of the district court and reinstate the decision of the Board.