## EMPLOYMENT SECURITY DEPARTMENT OF NEVADA, AND STARDUST HOTEL, APPELLANTS, v. MICHAEL J. VERRATI, RESPONDENT.

No. 18353

June 28, 1988                                    756 P.2d 1196

*Crowell, Susich, Owen & Tackes,* Carson City; *McDonald, Carano, Wilson, Bergin, Frankovich & Hicks* and *Salvatore C. Gugino,* Las Vegas, for Appellants.

*Richard Segerblom,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On August 22, 1986, respondent Michael James Verrati was observed repeatedly nodding off and sleeping for up to a few minutes at a time while on duty as a boxman in the casino of the *Stardust Hotel* in Las Vegas. This behavior continued for more than two hours. Casino personnel who removed him from the game observed that his speech was slurred and asked him to submit to a blood test. Verrati refused to take a blood test, but offered to take a urine or other non-invasive drug or alcohol test. The casino suspended Verrati and terminated him a few days later. The reason given for Verrati's termination was his refusal to submit to the blood test.

Verrati filed a claim for unemployment benefits with the Nevada Employment Security Department. His former employer contested the claim. The Employment Security Department denied Verrati's claim on the basis that his refusal to take the blood test was a violation of an employer rule and misconduct in connection with work within the meaning of NRS 612.385. A hearing was held, and the hearing officer affirmed the Department's decision, finding that the casino management had probable or reasonable cause for requiring Verrati to take a blood test. The hearing officer also found that there had been an incident three days earlier in which Verrati was warned about being inattentive. Verrati appealed to the Board of Review, which adopted the findings and conclusions of the hearing officer and affirmed his decision.

Verrati filed a petition for judicial review, and on June 5, 1987, the district court entered an order reversing the Board's decision. The court's order did not explain the basis for its decision, but the minute entry for the case stated that "[t]he court . . . does not

think nodding off is enough to deny benefits." This appeal followed.

If the factual findings of the Board are supported by evidence, they are conclusive, and a reviewing court's jurisdiction is confined to questions of law. NRS 612.530(4). "[I]n reviewing the decision of an administrative agency, the district court is limited to a determination of whether the board acted arbitrarily or capriciously." Leeson v. Basic Refractories, 101 Nev. 384, 385, 705 P.2d 137, 138 (1985) (citations omitted). "[T]he question is whether the board's decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency." Id. at 385-86, 705 P.2d at 138 (quoting State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984)).

The Board denied Verrati benefits pursuant to NRS 612.385 because it found he had been discharged for misconduct connected with his work. We have previously explained that "[C]arelessness or negligence on the part of the employee of such a degree as to show a substantial disregard of the employer's interests or the employee's duties and obligations to his employer" are considered NRS 612.385 misconduct, as are "deliberate violation or disregard on the part of the employee of standards of behavior which his employer has the right to expect." Barnum v. Williams, 84 Nev. 37, 41, 436 P.2d 219, 222 (1968) (citing Boynton Cab Co. v. Neubeck, 296 N.W. 636 (Wis. 1941)).

Verrati was nodding off during a period of about two hours, and he had been warned concerning inattentiveness a few days before the August 22 incident. Verrati's duties included observing and supervising the game, receiving and depositing money and distributing markers. He could not execute these duties when nodding off, and his inattentiveness created an obvious risk of harm to the casino. Moreover, sleeping on duty violated one of the employer's written rules. Verrati's behavior clearly constituted misconduct under the definition in Barnum.

The record contains substantial evidence that Verrati nodded off or slept while on duty. Under the facts of this case such behavior constitutes NRS 612.385 misconduct. Since the record contains sufficient evidence of misconduct without considering Verrati's refusal to take the blood test, we decline to address Verrati's contention that his employer was unreasonable in refusing to substitute a breath or urine test for the blood test. Because the Board's decision was supported by substantial evidence and

was not arbitrary and capricious, the district court erred in reversing the Board's determination. *Leeson,* 101 Nev. at 386, 705 P.2d at 138-39.

Accordingly, we reverse the order of the district court and reinstate the decision of the Board.