THE STATE INDUSTRIAL INSURANCE SYSTEM AN AGENCY OF THE STATE OF NEVADA, APPELLANT, *v.* PAUL ROMERO, RESPONDENT.

No. 22232

July 7, 1994                                    877 P.2d 541

---

*R. Scott Young,* General Counsel and *William A. Zeigler,* Associate Counsel, Carson City, for Appellant.

*Nancyann Leeder,* Nevada Attorney for Injured Workers, Carson City, for Respondent.

## OPINION

By the Court, SHEARING, J.:

This is an appeal from an order of the district court affirming a decision of an appeals officer which reinstated State Industrial Insurance System (SIIS) rehabilitation benefits.

On April 27, 1989, respondent Paul Romero sustained injuries, while acting within the course and scope of his employment, which resulted in medical certification that Romero was not able to work in his pre-accident capacity. On July 14, 1989, Romero's

treating physician reported to SIIS that Romero could return to light-duty employment status. In a letter dated August 8, 1989, SIIS informed Romero that he had been transferred from temporary total disability status to light-duty status, and that he must return to work if his employer offers suitable work. In a letter also dated August 8, 1989, SIIS informed Romero's employer of the change in status and inquired whether the employer was able to provide light-duty work to Romero. In addition, the letter informed the employer that it had thirty days in which to offer Romero light-duty employment, and that if a suitable position was not available, Romero would be eligible for vocational rehabilitative training, which could result in expenditures in excess of $30,000. The employer and its representative deny receiving the letter concerning Romero's transfer of status. Romero's employer did not offer Romero light-duty work or otherwise respond within the thirty-day time limit.

On September 6, 1989, Romero entered into a training agreement with SIIS authorizing vocational training as a photographer, to commence on September 11, 1989, and conclude on September 11, 1990. In a letter dated September 11, 1989, the employer's representative inquired whether the employer had been contacted regarding Romero's transfer to light-duty status, and requested a second medical opinion of Romero's condition. Romero was seen by another physician, who, in a report dated October 26, 1989, released Romero to unrestricted employment. Pursuant to that report, SIIS, in a letter dated January 3, 1990, advised Romero that his rehabilitation benefits were terminated. A hearing officer affirmed this decision. Romero appealed.

On July 19, 1990, after conducting a hearing, the appeals officer found that Romero's rehabilitation benefits had been improperly terminated because a valid rehabilitation program had been established and because Romero's employer had not objected to Romero's rehabilitation program on a timely basis. The appeals officer ordered restoration of Romero's rehabilitation benefits, retroactive to the termination date. SIIS sought judicial review. On March 15, 1991, the district court entered an order affirming the decision of the appeals officer. This appeal followed.

SIIS contends that the district court erred by affirming the decision of the appeals officer. Specifically, SIIS contends that the district court applied an incorrect standard of review because the district court stated in its order that SIIS had failed to show "by the preponderance of the evidence" that the appeals officer's decision was incorrect. This error, however, is harmless, because the applicable standard is more deferential to the appeals officer

decision than the preponderance of the evidence standard. Review of an administrative decision is limited to a determination of whether that decision is based on substantial evidence or contains errors of law. Leeson v. Basic Refractories, 101 Nev. 384, 705 P.2d 137 (1985). An administrative decision will not be disturbed if there is substantial evidence to support it. State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 607-08, 729 P.2d 497, 498 (1986).

■■■

SIIS further contends that the decision of the appeals officer, and the district court's order affirming that decision, are affected by an error of law because the appeals officer applied contract law principles in determining to reinstate Romero's benefits. SIIS correctly notes that benefits are provided to injured workers solely pursuant to statute. MGM Grand Hotel v. Insley, 102 Nev. 513, 518, 728 P.2d 821, 824 (1986). The regulatory scheme pursuant to which those benefits are disbursed specifically provides that the employer of an injured worker waives the right to object to the provision of rehabilitative benefits to an injured worker if the employer fails to notify SIIS within thirty days whether the employer will offer the injured worker employment consistent with the worker's physical limitations. NAC 616.084. That regulatory scheme was authorized by statute. *See* NRS 233B.040. The appeals officer found that SIIS had given the employer notice of Romero's release to light-duty work, and that the employer had waived its right to object to Romero's rehabilitation benefits by failing to do so within thirty days. The employer asserts that it never received such notice. Nevertheless, the appeals officer's determination is based on substantial evidence and is not affected by any error of law. *See* NAC 616.084 (employer must object within thirty days of date of notice from SIIS of change in status). Accordingly, the district court properly affirmed the appeals officer's decision.

■■■

Finally, SIIS asserts it has the authority to terminate Romero's rehabilitation benefits after commencement of the rehabilitation program and that it may reopen Romero's claim based on changed circumstances. SIIS has not, however, demonstrated any authority in the statutes or regulations permitting it to terminate an ongoing rehabilitation program. Accordingly, we affirm the decision of the district court.

ROSE, C. J., and SPRINGER, J., concur.

STEFFEN, J., with whom YOUNG, J., joins, dissenting:
There is ample precedent in Nevada decisional law for con-

cluding, as the majority does, that absent an express statutory provision for relief, employers will not be allowed to recover for wrongful, unwarranted or mistaken benefits paid to injured workers. In the instant case, however, I suggest that the law does provide a sound basis for accepting the position of the State Industrial Insurance System ("SIIS") and reversing both the appeals officer's decision and the district court's endorsement of that decision.

Respondent Paul Romero injured his back on April 27, 1989, while carrying a garage door. He received a medical examination on May 19, 1989, and on July 14, 1989, Romero's treating physician, Dr. Getscher, released his patient to return to light duty work, effective July 17, 1989, with a lifting restriction of no more than twenty pounds. On August 22, 1989, Dr. Getscher again examined Romero and released him to "return to light duty but no lifting over 20 lbs. for a period of 2 to 4 weeks. No repetitive stooping."

By letter of August 8, 1989, SIIS informed Romero's employer of the employee's light-duty work release, and inquired whether the employer could provide Romero work of that nature. The letter also informed the employer that it had thirty days within which to offer appropriate light-duty employment to Romero or the injured employee would be eligible for vocational rehabilitative training that could cost in excess of $30,000.[1]

Having received no response from the employer concerning the availability of light duty work for Romero, on September 6, 1989, SIIS and Romero agreed to a vocational training program that would commence on September 11, 1989, and conclude on September 11, 1990. Romero was to be trained to become a commercial photographer.[2] Meanwhile, the employer's representative sent a letter to SIIS dated September 11, 1989, inquiring whether the employer had been advised of Romero's transfer to light-duty status and requesting a second opinion from an orthopedic specialist on the condition of Romero's health.

[1] Although Romero's employer and its representative denied ever receiving the letter from SIIS regarding the employee's availability for light duty work, the appeals officer found that there was a presumption that the employer had received the letter and that the presumption was not rebutted.

[2] A SIIS memo dated December 4, 1989, recommended denial of Romero's commercial photography program because it was essentially a self-employment plan. The record reflects that the program cost was estimated at $20,136.68 plus $5,629.00 for photographic equipment and $517.00 for supplies. It appears that those figures were based upon the program commencing in September of 1989 and concluding in September of 1990. The cost estimates are therefore of doubtful accuracy since the program did not commence until June of 1992.

SIIS had Romero examined by Dr. Hito, who in a report dated October 26, 1989, released Romero to unrestricted employment. As a result of the report, SIIS informed Romero that his rehabilitation benefits were terminated. A hearing officer affirmed the termination, and Romero appealed to the appeals officer who found in favor of Romero and ordered that his rehabilitation benefits be restored retroactively to the termination date. SIIS unsuccessfully appealed to the district court.

Although it is uncertain whether the appeals officer reached her conclusion in part based upon contract law, the majority opinion properly concludes that contract law does not apply in workers' compensation cases and I agree. It is therefore unnecessary to address that point in this dissent. The appeals officer primarily based her decision upon her conclusion that the employer had waived its right to object to the rehabilitation program by reason of its failure to respond to the System's letter within the required thirty days. I do not agree with this conclusion and submit that it constitutes an error of law.

In response to an order of this court asking SIIS to advise us why this appeal was not moot, we were authoritatively informed that although Romero's vocational rehabilitation maintenance was continued, the rehabilitation program in commercial photography was not approved until June of 1992, almost two years after the appeals officer issued her decision. Moreover, the commercial photography program was approved and commenced over two and one-half years after Romero had been released to perform unrestricted work.[3]

SIIS contends that the appeals officer and the district court committed an error of law by failing to apply the provisions of NAC 616.076(2) and (4). These two provisions of the Administrative Code state:

> 2. An injured worker who is released by a treating or examining physician or chiropractor, without a restriction which would prevent his return to the position he held before his injury, is not eligible to receive rehabilitative benefits.
>
> . . . .

---

[3]It will be recalled that Dr. Hito issued a report on October 26, 1989 releasing Romero to unrestricted work. On March 6, 1990, Dr. Butters examined Romero and determined that he had a 2% impairment due to a limited flexation of the lumbar spine of 70 degrees. Romero complained of constant pain, but Dr. Butters observed that Romero exhibited no pain behavior and that the MRI and nerve conduction tests proved negative. Romero's treating physician, Dr. Getscher, in his second report restricted Romero's lifting to twenty pounds for only "2 to 4 weeks." It is uncertain from the record whether Dr. Getscher intended his restriction on "repetitive stooping" to only apply to the two to four week period of the weight lifting restriction.

    4. If there is a question as to whether there will be a residual impairment which will prevent reemployment, an injured worker may receive rehabilitative services until a final determination of his impairment is made.

I agree with the position asserted by SIIS that under the terms of the above code regulations, the mere fact that an injured worker is placed on rehabilitative services does not translate into a commitment to complete the program. The quoted code provisions provide a common-sense basis for terminating costly rehabilitation programs when a worker's injuries are found to have healed or stabilized to a point where the worker is physically able to return to his pre-injury work position. In my view, to hold otherwise would essentially negate the effect of the above-quoted provisions and place an unwarranted and unfair strain on employers and the strength of the System.

In this record, the determination by SIIS and the hearing officer that Romero was able to return to his pre-injury employment is supported by substantial evidence.[4] Moreover, since the commercial photography program was not even approved until two years after the appeals officer's decision, there is no argument that rehabilitation funds would have been wasted or that Romero was within shouting distance of completing the program.

In this case I am forced to conclude that the appeals officer failed to properly apply the law, and that permitting Romero to proceed with a costly program that would place him in the position of becoming a successful entrepreneur *after he was physically fit to return to his pre-injury employment* is unfair to both the employer and the System. I therefore respectfully dissent.

---

[4]Even if Dr. Getscher's second report created an ambiguity with respect to Romero's health and work status, the contrary evidence later supplied by two other physicians should have, at the very least, caused the appeals officer to order further examination in light of NAC 616.076(4).