OPINION
By the Court,
Springer, J.:
The district court reversed a decision qf the Employment *1119 Security Department which denied Marilyn Evans’ unemployment benefits. Evans lost her job because she had been arrested and was forced to remain in jail pending trial because she could not afford bail. She was terminated during the time that she was in jail awaiting trial. The district court correctly held that Evans’ missing work because she could not afford to post bail was not sufficient ground to deny benefits.
There are three possible statutory grounds for denial of unemployment benefits: (1) NRS 612.380 — voluntarily leaving employment without good cause; (2) NRS 612.383 — discharge for crimes committed in connection with employment; and (3) NRS 612.385 — misconduct connected with work. None of these three statutory grounds are implicated in this case. See also Clevenger v. Employment Security Dep’t, 105 Nev. 145, 149, 770 P.2d 866, 868 (1989) (“Nevada law requires that an employee’s misconduct be connected with his or her work before that person can be deemed ineligible for unemployment benefits”).
The facts of this case are not in dispute. Neither Evans’ pretrial incarceration nor her criminal acts were connected with her employment. Further, Evans failure to be available for work was due to her pretrial incarceration which was predicated on her inability to obtain bail, not her criminal conduct.
Evans is guilty of no “misconduct” and no “deliberate violation or disregard on [her part] of standards of behavior which [her] employer has the right to expect.” Barnum v. Williams, 84 Nev. 37, 41, 436 P.2d 219, 222 (1968). It was impossible for Evans to appear for work, and she dutifully notified her employer of this fact. Her absence from work was neither deliberate nor voluntary. There being no statutory or other legal basis for denying unemployment insurance benefits to Evans, the judgment of the district court is affirmed.
Rose and Shearing, JJ., concur.