An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DOUGLAS VILLWOCK,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
CYNTHIA A. JONES, IN HER
CAPACITY AS ADMINISTRATOR OF
THE EMPLOYMENT SECURITY
DIVISION; KATIE JOHNSON, IN HER
CAPACITY AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY DIVISION
BOARD OF REVIEW; AND BORDER
CONSTRUCTION, LLC, AS
EMPLOYER,
Respondents.

No. 60233

**FILED**

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for judicial review in an unemployment benefits action. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant was an employee of respondent Border Construction, LLC, where he worked as a delivery driver and warehouse worker. Appellant was employed in this capacity from 1997 until his employment was terminated in February 2011 after he was cited by the Nevada Highway Patrol for driving a commercial vehicle without a valid license. Thereafter, appellant filed a claim for unemployment benefits, which respondent State of Nevada Employment Security Division denied. Specifically, the appeals referee found that appellant's act of driving a commercial truck without a valid commercial license for that class of vehicle demonstrated a deliberate violation or disregard of a reasonable

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27965

standard of conduct, and thus, constituted misconduct that disqualified him from receiving unemployment benefits. The Employment Security Division's Board of Review declined further review of this determination and appellant sought judicial review in the district court, which denied the petition. This appeal followed. On appeal, appellant argues that the referee erred in finding that his termination was for misconduct because his employer knew that he had a health condition that should have relieved him from driving that class of commercial truck, but appellant felt he "had no choice but to comply" with the directive to make the delivery out of fear of keeping his job.

In reviewing an administrative decision in an unemployment benefits matter, this court, like the district court, determines whether the board acted arbitrarily or capriciously. NRS 233B.135(3)(f); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). Judicial review, whether by the district court or this court, is limited to the record before the administrative agency, NRS 233B.135(1)(b), and the administrative decision will not be disturbed if it is supported by substantial evidence in the record. *Leeson v. Basic Refractories*, 101 Nev. 384, 385-86, 705 P.2d 137, 138 (1985). "Substantial evidence is that which a reasonable mind could find adequate to support a conclusion." *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996).

Under NRS 612.385, if a person was discharged from work for "misconduct," he or she is ineligible for unemployment benefits. A willful violation of duties or disregard for an employer's interests may constitute such misconduct. *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986) (defining misconduct "as a deliberate violation or a disregard of reasonable standards, carelessness or negligence showing

substantial disregard of duties" (internal quotation omitted)); *see also Emp't Sec. Dep't of Nev. v. Verrati*, 104 Nev. 302, 304, 756 P.2d 1196, 1997-98 (1988).

Having reviewed appellant's arguments and the record on appeal, we conclude that substantial evidence supports the appeals referee's finding that appellant was discharged for reasons constituting misconduct, and thereby, disqualified from receiving unemployment benefits. Notably, the appeals referee considered appellant's testimony, and made the factual determination that appellant had not informed his employer that his commercial driver's license had expired. The administrative record supports this finding. *See Lellis v. Archie*, 89 Nev. 550, 554, 516 P.2d 469, 471 (1973) (recognizing that this court will not substitute its judgment for that of the referee on issues of credibility or the weight of the evidence).

Appellant's failures to maintain the necessary driver's license for his employment, and to notify his employer that he did not possess a valid license for the truck he was instructed to drive, demonstrates a disregard of reasonable standards of conduct. *See Richardson v. Miss. Emp't Sec. Comm'n*, 593 So. 2d 31, 34-35 (Miss. 1992) (concluding that the failure to maintain a driver's license required as a condition of employment amounted to misconduct disqualifying the appellant from receiving unemployment benefits); *see also Garman*, 102 Nev. at 565, 729 P.2d at 1336 (explaining that when misconduct is a mixed question of law and fact, the agency's determination must be given deference similar to that given to findings of fact when supported by substantial evidence).

Accordingly, the Board's decision to affirm the appeals referee's ruling was not arbitrary or capricious, and thus, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Douglas W. Herndon, District Judge
Douglas Villwock
State of Nevada/DETR
Eighth District Court Clerk