An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ZAGA KULASINOVIC,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>EMPLOYMENT SECURITY DIVISION;<br>CYNTHIA A. JONES, IN HER<br>CAPACITY AS ADMINISTRATOR OF<br>THE EMPLOYMENT SECURITY<br>DIVISION; KATIE JOHNSON, IN HER<br>CAPACITY AS CHAIRPERSON OF THE<br>EMPLOYMENT SECURITY DIVISION<br>BOARD OF REVIEW; AND SILVERTON<br>CASINO, LLC, AS EMPLOYER,<br>Respondents. | No. 60562<br><br>**FILED**<br><br>SEP 19 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _R. Malone_<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for judicial review in an unemployment benefits action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant was an employee of respondent Silverton Casino, LLC, where she worked as a dealer from 2005 until the termination of her employment in March 2011 after she made a dealer error that resulted in a $600 loss to the casino. Thereafter, appellant filed a claim for unemployment benefits, which respondent State of Nevada Employment Security Division denied. Specifically, the appeals referee found that appellant's dealer error, which came after she had received multiple warnings for previous dealer errors, demonstrated a deliberate violation or disregard of a reasonable standard of conduct, and thus, constituted misconduct that warranted appellant's disqualification from receiving unemployment benefits. The Employment Security Division's Board of

13-27964

Review declined further review of the referee's determination, and appellant filed a petition for judicial review in the district court, which was denied. This appeal followed. On appeal, appellant argues that the referee erred in finding that her termination was for misconduct that disqualified her from receiving unemployment benefits and that the district court did not have all of the relevant documents and surveillance videos before it when it denied judicial review.

In reviewing an administrative decision in an unemployment benefits matter, this court, like the district court, determines whether the board acted arbitrarily or capriciously. NRS 233B.135(3)(f); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). The administrative decision will not be disturbed if it is supported by substantial evidence. *Leeson v. Basic Refractories*, 101 Nev. 384, 385-86, 705 P.2d 137, 138 (1985). "Substantial evidence is that which a reasonable mind could find adequate to support a conclusion." *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996).

Under NRS 612.385, if a person was discharged from work for "misconduct," he or she is ineligible for unemployment benefits. A willful violation of duties or disregard for an employer's interests may constitute such misconduct. *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986) (defining misconduct "as a deliberate violation or a disregard of reasonable standards, carelessness or negligence showing substantial disregard of duties" (internal quotation omitted)); *see also Emp't Sec. Dep't of Nev. v. Verrati*, 104 Nev. 302, 304, 756 P.2d 1196, 1197-98 (1988).

Having reviewed appellant's arguments and the record on appeal, we conclude that substantial evidence supports the appeals

SUPREME COURT
OF
NEVADA

(O) 1947A

2

referee's finding that appellant was discharged for reasons constituting misconduct that disqualified her from unemployment benefits under NRS 612.385. The record reveals that appellant admits she made a dealer error that caused a $600 loss to the casino and demonstrates that appellant had made multiple dealer errors before the March 2011 incident that had resulted in progressive levels of discipline, including a written warning and a three-day suspension. The appeals referee considered appellant's testimony and testimony from another witness and determined that appellant's errors amounted to misconduct. *See Lellis v. Archie*, 89 Nev. 550, 554, 516 P.2d 469, 471 (1973) (recognizing that this court will not substitute its judgment for that of the referee on issues of credibility or the weight of the evidence). Further, while appellant asserts that the district court did not have certain necessary materials before it on judicial review, because judicial review, whether by the district court or this court, is limited to the record before the administrative agency, NRS 233B.135(1)(b), and these materials were never presented in the course of the administrative review of her unemployment benefits claim, appellant's reliance on the fact that these materials were not presented to the district court is unavailing.

For the reasons set forth above, we conclude that substantial evidence in the record supports the appeals referee's ruling that appellant's conduct constituted misconduct under NRS 612.385, and thereby, disqualified her from receiving unemployment benefits. *See Kolnik*, 112 Nev. at 16, 908 P.2d at 729 (noting that whether an employee's negligence constituted willful misconduct is a question of law); *but see Garman*, 102 Nev. at 565, 729 P.2d at 1336 (recognizing that when misconduct becomes a mixed question of law and fact, the agency's

determination must be given deference similar to that given to findings of fact when supported by substantial evidence). Accordingly, the Board's decision to affirm the appeals referee's ruling was not arbitrary or capricious, and thus, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Timothy C. Williams, District Judge
      Zaga Kulasinovic
      State of Nevada/DETR
      Eighth District Court Clerk