An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRY KURTZ,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
CYNTHIA A. JONES, IN HER
CAPACITY AS ADMINISTRATOR OF
THE EMPLOYMENT SECURITY
DIVISION; AND KATIE JOHNSON, IN
HER CAPACITY AS CHAIRPERSON OF
THE EMPLOYMENT SECURITY
DIVISION BOARD OF REVIEW,
Respondents.

No. 60352

FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant worked for Goodwill Industries as a donations ambassador. On February 18, 2010, appellant was arrested at his home for an assault charge arising from conduct that was unrelated to appellant's work. Appellant was not scheduled to work again until February 22. The day after his arrest, appellant left a voicemail message for his supervisor explaining that he was in police custody and that he thought he would be at work on February 22, but was not certain and so he might need time off. Appellant was still in jail on February 22 and did not report to work. His employment was terminated the next day. After leaving the voicemail message on February 19, appellant did not contact his employer again until June, when he sent a letter to Goodwill that referenced his voicemail message and gave notice that he would be released from custody on September 2, 2010. When appellant was

13-31269

released from jail, he immediately reported to Goodwill, but was informed that his employment had been terminated on February 23 for a "no call no show" violation.

Appellant then filed for unemployment benefits. Respondent Employment Security Division (ESD) denied the request, concluding that the "no call no show" violation constituted misconduct that disqualified appellant from receiving benefits. Appellant administratively appealed. The appeals referee concluded that appellant had admitted that he was guilty of criminal conduct, which resulted in his incarceration and inability to report for work and therefore constituted disqualifying misconduct. Appellant appealed again, and the Board of Review denied further review. Appellant then filed a petition for judicial review, which the district court denied, and this appeal followed.

In reviewing an administrative decision in an unemployment benefits matter, this court, like the district court, determines whether the administrative agency acted arbitrarily or capriciously or made an error of law. NRS 233B.135(3); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). This court may decide pure issues of law without giving deference to the agency's determination, but mixed questions of law and fact are entitled to deference and the agency's conclusions will not be disturbed if they are supported by substantial evidence. *See Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996); *see also Leeson v. Basic Refractories*, 101 Nev. 384, 385-86, 705 P.2d 137, 138 (1985).

On appeal, appellant argues that equating incarceration with disqualifying misconduct is an error of law and that substantial evidence does not support a finding of misconduct under the correct legal standard. Respondents argue that appellant's failure to report to work when

scheduled or give his employer appropriate notice of his absence, as well as his intentional criminal acts that resulted in his incarceration and inability to report for work, constituted disqualifying misconduct.

Under NRS 612.385, if a person was discharged from work for misconduct, he or she is ineligible for unemployment benefits. Misconduct for the purposes of unemployment benefits has been defined as "a deliberate violation or a disregard of reasonable standards, carelessness or negligence showing [a] substantial disregard of [the employee's] duties" to the employer. *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986) (internal quotation omitted); *see also* NRS 612.385 (requiring that disqualifying misconduct be connected with the person's work); *Kolnik*, 112 Nev. at 15-16, 908 P.2d at 729 (explaining that the employee's conduct must have an element of wrongfulness in order to constitute disqualifying misconduct).

Here, the appeals referee concluded that appellant's criminal conduct that resulted in his incarceration and inability to report for work constituted disqualifying misconduct. It is unclear from the record before us whether the appeals referee's finding of misconduct was based on appellant's *inability* to report for work due to his incarceration, or his *failure* to report to work. Nevertheless, in addressing a similar situation to the one presented here, this court held that when an employee was arrested for charges unrelated to work and remained in jail pending trial because the employee could not afford bail, such conduct did not constitute disqualifying misconduct when the employee had dutifully notified the employer of the employee's inability to appear for work. *State, Emp't Sec. Dep't v. Evans*, 111 Nev. 1118, 1119, 901 P.2d 156, 156-57 (1995). Furthermore, while absence without leave may be cause for termination, it does not necessarily constitute disqualifying misconduct for

unemployment benefits purposes. *Clark Cnty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1448-49, 148 P.3d 750, 756-57 (2006). In light of this authority, the appeals referee committed legal error in finding misconduct solely on the basis of appellant's criminal conduct, which led to his failure to report for work. Among other things, the appeals referee failed to evaluate whether appellant's attempt to notify his employer of his potential absence was sufficient under the circumstances presented or what, if any, relevance his subsequent lack of communication with his employer had in determining whether appellant had committed disqualifying misconduct, given that appellant was immediately terminated on February 23 after he failed to report to work. *See Bundley*, 122 Nev. at 1446, 148 P.3d at 755 ("Generally, then, an employee's absence will constitute misconduct for unemployment compensation purposes only if the circumstances indicate that the absence was taken in willful violation or disregard of a reasonable employment policy (*i.e.*, was unjustified and, if appropriate, unapproved), or lacked the appropriate accompanying notice." (Citations omitted)).

Accordingly, we reverse the district court's order denying appellant's petition for judicial review and direct the district court to remand the matter to the appeals referee for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Kenneth C. Cory, District Judge
William F. Buchanan, Settlement Judge
Nevada Legal Services/Las Vegas
State of Nevada/DETR
Eighth District Court Clerk