An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL H. TEKLE,
Appellant,
vs.
THE STATE OF NEVADA
EMPLOYMENT SECURITY DIVISION;
RENEE OLSON, IN HER CAPACITY AS
ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
KATIE JOHNSON, IN HER CAPACITY
AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY DIVISION
BOARD OF REVIEW; AND MGM
GRAND HOTEL/CASINO, AS
EMPLOYER,
Respondents.

No. 63017

FILED

JUN 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Samuel H. Tekle worked for respondent MGM Grand Hotel/Casino from 2000 until he was terminated in 2011 for allegedly making a false statement during an internal investigation. Appellant filed for unemployment benefits, which respondent Nevada Employment Security Division (ESD) denied on May 31, 2011, after determining that appellant was discharged for misconduct. In December 2011, appellant appealed from the ESD decision and submitted a letter explaining that he failed to appeal the decision within the statutory 11-day filing period because he was waiting for the result of an employment grievance he had filed to challenge his termination.

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-19512

After multiple hearings, the appeals referee concluded that, giving appellant the benefit of the doubt, there was good cause to deem the appeal timely because appellant did not fully understand the unemployment process based on his limited English language abilities.[1] MGM Grand administratively appealed, and on appeal, the ESD's Board of Review reversed and set aside the appeals referee's decision. The Board concluded that there was no good cause to extend the filing deadline, because even if appellant reasonably waited to appeal until his employment grievance was resolved, there was no explanation or evidence in the record to justify waiting five weeks after the grievance was resolved to file the appeal. Appellant filed a petition for judicial review, which the district court denied. This appeal followed.

In reviewing an administrative decision in an unemployment benefits matter, this court, like the district court, determines whether the board acted arbitrarily or capriciously. NRS 233B.135(3)(f); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). The administrative decision will not be disturbed if it is supported by substantial evidence. *Leeson v. Basic Refractories*, 101 Nev. 384, 385-86, 705 P.2d 137, 138 (1985).

On appeal, appellant argues that there was no evidence showing that he understood the appeal process and that he was "forever foregoing" unemployment benefits by not filing his appeal within 11 days, and that this constitutes good cause for his untimely appeal. Under NRS 612.495(1), an appeal from an ESD decision must be filed within 11 days

---

[1]The appeals referee also decided the merits of appellant's claim, but as this was not addressed by the ESD, we do not address the merits here.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

after the notice of determination is mailed or personally served. This 11-day period may be extended, however, for good cause shown. NRS 612.495(1). Having reviewed appellant's arguments and the record on appeal, we conclude that substantial evidence supports the Board's finding that appellant did not establish good cause so as to extend the filing deadline until December 2011. Appellant testified that he received the ESD decision and understood that he was supposed to file any appeal from that decision in June 2011, but that he did not file the appeal in June because he had filed a grievance with the union regarding his termination. The record also contains a letter from appellant to the ESD explaining that he did not timely appeal the denial of benefits because he was waiting for the result of his grievance process. Appellant's grievance was resolved on November 7, 2011, however, and there is nothing in the record that explains the delay between the resolution of the grievance and the filing of the appeal in December 2011. Thus, we conclude that substantial evidence supports the Board's decision that there was no good cause for the delay in filing the appeal. See *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996) ("Substantial evidence is that which a reasonable mind could find adequate to support a conclusion.").

Appellant also argues that the Board erred because it did not take into account his limited English language abilities. The record, however, demonstrates that even when testifying in Amharic, appellant's native language, before the appeals referee, appellant stated that he knew he was supposed to file the appeal in June. Furthermore, appellant testified that he utilized English while at work, and the hearing transcripts show that the appeals referee had to remind appellant to provide his answers in Amharic through the translator instead of directly

answering in English. As substantial evidence supports the Board's determination, we conclude that the Board's decision was not arbitrary or capricious, and thus, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Ronald J. Israel, District Judge
     Samuel H. Tekle
     State of Nevada/DETR
     Jackson Lewis LLP
     Eighth District Court Clerk