An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN MAHLER,
Appellant,
vs.
NEVADA EMPLOYMENT SECURITY
DIVISION, STATE OF NEVADA;
RENEE OLSON, IN HER CAPACITY AS
ADMINISTRATOR OF THE NEVADA
EMPLOYMENT SECURITY DIVISION;
AND KATIE JOHNSON, IN HER
CAPACITY AS CHAIRPERSON OF THE
NEVADA BOARD OF REVIEW,
Respondents.

No. 63842

FILED

MAY 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying in part a petition for judicial review in an unemployment benefits matter.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

After appellant John Mahler's employment as a security guard with Guardsmark was terminated, he sought unemployment benefits. Guardsmark reported to respondent Nevada Employment Security Division (ESD) that appellant's termination was based on two incidences that violated company polices: (1) making an unsolicited personal telephone call to a client representative, asking her on a date; and (2) sitting in a chair that was personal property brought to a work site, removing his shoes, and reading a book while on duty. The ESD denied appellant's request for unemployment benefits, finding that he had been

---

[1]Appellant does not challenge the portion of the district court's order granting judicial review as to the repayment of overpaid benefits, and thus, we do not review that decision here.

15-15665

discharged for misconduct connected to his work. The appeals referee reversed, concluding that appellant "made an error in judgment," but that there was no adverse effect to Guardsmark and, thus, disqualifying misconduct had not been established. The Board of Review, however, found that disqualifying misconduct had been established and therefore reversed the appeals referee's decision and directed appellant to repay the overpaid benefits received. On judicial review, the district court denied appellant's petition in part, affirming the Board's decision to deny benefits based on disqualifying misconduct, but granted the petition as to the Board's directive that appellant repay an unspecified amount of overpaid benefits received. This appeal followed.

We conclude that the Board's decision to deny unemployment benefits based on disqualifying misconduct was not arbitrary or capricious or an error of law. NRS 233B.135(3); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982) (setting forth the standard of review). Substantial evidence in the record supports the Board's factual determinations, and appellant does not contest that he was sitting in a personally-owned chair, had removed his shoes, and was reading a book while on duty. *See Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996) (defining substantial evidence). Appellant also does not contest that he called the client representative to ask her on a date, though he disputes the factual circumstances leading up to the telephone call. These actions violated the reasonable policies of the security company, which required a proper uniform at all times, alertness and careful watch over the area of responsibility, and which prohibited personal reading material and dating or becoming "overly friendly" with a client's employees. Despite the assertion of our dissenting colleague that

any employer could allege after termination that an employee violated company policies in order to preclude unemployment benefits, here, appellant does not deny that he did in fact violate Guardsmark's policies. Thus, we find no abuse of discretion or error of law in the Board's determination that disqualifying misconduct was shown. NRS 612.385; *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986) (defining disqualifying misconduct as "a deliberate violation or a disregard of reasonable standards, carelessness or negligence showing [a] substantial disregard of [the employee's] duties" (quotation marks omitted)); *see also Kolnik*, 112 Nev. at 16, 908 P.2d at 729 (explaining that whether an employee's negligence is of such a nature as to constitute willful misconduct for the purpose of denying unemployment benefits is a question of law). Accordingly, we affirm the district court's order denying in part judicial review as to appellant's disqualifying misconduct. *See Leeson v. Basic Refractories*, 101 Nev. 384, 385-86, 705 P.2d 137, 138 (1985) (explaining that the Board's decision will not be disturbed if it is supported by substantial evidence).

It is so ORDERED.[2]

_____, J.
Parraguirre

_____, J.
Douglas

---

[2]We have considered appellant's other arguments and conclude they lack merit. In light of this order, we deny appellant's May 19, 2015, motion for leave to proceed according to NRAP 46(b) and file a reply brief.

CHERRY, J., dissenting:

Because I disagree with my colleagues' decision to affirm the district court's order denying appellant's petition for judicial review, I must dissent. Although appellant does not deny the conduct at issue, his actions did not rise to the level of showing "a deliberate violation or a disregard of reasonable standards, [or] carelessness or negligence showing [a] substantial disregard of [the employee's] duties." *Garman v. State, Emp't Sec. Dep't*, 102 Nev. 563, 565, 729 P.2d 1335, 1336 (1986) (internal quotation omitted). Therefore, appellant's actions lacked the necessary element of wrongfulness and did not constitute misconduct disqualifying him from receiving unemployment benefits. *See* NRS 612.385; *Kolnik v. Nev. Emp't Sec. Dep't,* 112 Nev. 11, 15-16, 908 P.2d 726, 729 (1996). Furthermore, Nevada is an at-will employment state, *see Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 560, 216 P.3d 788, 791 (2009), and applying such a deferential standard to the Board's decisions could allow any employer to allege after termination that the employee violated company policies in order to preclude unemployment benefits. For these reasons, I would reverse the district court's order denying judicial review as to appellant's disqualifying misconduct.

_____Cherry_____, J.
Cherry

cc: Hon. Jerry A. Wiese, District Judge
John Mahler
State of Nevada/DETR
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A