An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IDOWU S. FAMUYIWA,
Appellant,
vs.
EMPLOYMENT SECURITY DIVISION,
STATE OF NEVADA; RENEE OLSON,
IN HER CAPACITY AS
ADMINISTRATOR OF THE
EMPLOYMENT SECURITY DIVISION;
KATIE JOHNSON, IN HER CAPACITY
AS CHAIRPERSON OF THE
EMPLOYMENT SECURITY BOARD OF
REVIEW; AND YELLOW CAB
COMPANY,
Respondents.

No. 63211

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Idowu S. Famuyiwa worked as a taxi cab driver for respondent Yellow Cab Company when he suffered an industrial injury. Appellant received workers' compensation benefits and then was released to full-duty work without restrictions. Before returning to work, appellant's injury still bothered him, and he obtained an opinion from a private physician, Dr. Alain Coppel, that he should remain off work due to his medical condition until June 1, 2012. On May 21, however, appellant quit his job and sought unemployment benefits. Respondent Employment

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15641

Security Division (ESD) investigated appellant's claim and was advised by Dr. Coppel that appellant was released to work without limitations as of May 24, 2012, earlier than his original recommendation but still after appellant's resignation and that he had not advised appellant to quit his job for health reasons. The ESD, finding that appellant had quit without good cause, denied appellant's request for unemployment benefits. The appeals referee upheld the decision to deny benefits, and the Board of Review declined further review. Appellant filed a petition for judicial review and a motion for leave to submit additional evidence that appellant argued was erroneously excluded from the administrative record. The district court denied both the motion and judicial review. This appeal followed.

On appeal, appellant first contends that the district court erred in denying his motion for leave to submit additional evidence because the administrative record was incomplete. Judicial review is confined to the administrative record and the district court determined that there were no irregularities in procedure that warranted receiving the additional evidence. *See* NRS 233B.135(1). Appellant sought to include in the record a physician's note obtained after his resignation, which would not be relevant to the issue of whether he had resigned with good cause. Appellant also sought to include his resume and a second physician's note, but the content of the note is not clear from the record and appellant did not explain why these documents were relevant to this matter. Thus, we find no error in the district court's denial of the motion.

Appellant also contends that the district court erred in denying his petition for judicial review because he quit his job for good

cause. A person is ineligible for unemployment benefits if he voluntarily leaves his job without good cause or to seek other employment. NRS 612.380. The appeals referee concluded that because appellant had not provided evidence that his medical condition required him to quit, he had not shown good cause. Appellant testified that he left his job because of both his medical condition and his desire to seek employment in his previous line of work. But while the record shows that appellant was still receiving treatment for his injury, there is no physician opinion that appellant should quit his job due to his condition. In fact, Dr. Coppel provided a form indicating that he had *not* advised appellant to quit his job for health reasons. We therefore conclude that substantial evidence in the record supports the appeals referee's finding that appellant had not quit his job for good cause. *See Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996) (noting that mixed questions of law and fact are entitled to deference and the agency's conclusions will not be disturbed by this court if they are supported by substantial evidence); *see also Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of certain evidence); *Uhl v. Ballard Med. Prods., Inc.*, 67 P.3d 1265, 1270 (Idaho 2003) (upholding the denial of benefits based on the failure to provide sufficient evidence showing the degree of risk to the claimant's health or physical condition by continuing in his job).

Because substantial evidence supports the appeals referee's decision, the Board of Review's decision to affirm the appeals referee's ruling was not arbitrary or capricious. *See* NRS 233B.135(3)(f); *McCracken v. Fancy*, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982) (explaining

that in reviewing an unemployment benefits decision, this court determines whether the board acted arbitrarily or capriciously). Thus, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Mark R. Denton, District Judge
Idowu S. Famuyiwa
State of Nevada/DETR
Eighth District Court Clerk