# IN THE SUPREME COURT OF THE STATE OF NEVADA

NUVEDA, LLC, A NEVADA LIMITED
LIABILITY COMPANY; SHANE M.
TERRY, A NEVADA RESIDENT; AND
JENNIFER M. GOLDSTEIN, A
NEVADA RESIDENT,
Appellants,
vs.
PEIMAN BADY; AND POUYA
MOHAJER,
Respondents.

No. 69648



FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for a preliminary injunction in a corporate action seeking provisional remedies under NRS 38.222. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

In this dispute between members of a limited liability company, the individual appellants attempted to expel respondents, alleging that respondents engaged in conduct contrary to the company's best interests by agreeing to transfer certain assets to another company, CW Nevada, as well as by engaging in other bad acts. Respondents retaliated by attempting to expel appellants. Appellants sought a preliminary injunction to prevent the asset transfer pending resolution of arbitration, but the district court denied the motion for an injunction. Appellants appeal.

Appellants argue that the district court abused its discretion in denying their motion for a preliminary injunction. A preliminary injunction may be granted when the movant shows a likelihood of success on the merits and a reasonable probability that the nonmovant's conduct will cause irreparable harm if allowed to continue. *Univ. & Cmty. Coll. Sys. of Nev. v.*

*Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). Whether to deny a motion for a preliminary injunction rests within the district court's discretion, and that decision will not be reversed absent an abuse of discretion or reliance on an erroneous legal standard. *Id.*

*Appellants do not have a likelihood of success on the merits because they failed to expel respondents pursuant to the operating agreement*

Appellants first argue that the district court erred in applying a civil conspiracy standard to determine whether respondents were disinterested for the purpose of evaluating whether 60% of disinterested voting interests voted to expel them. Appellants assert that the court should have considered whether respondents' interests precluded their vote. This court construes the construction of a contractual term de novo and unambiguous contracts according to their plain language. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 486-88, 117 P.3d 219, 223-24 (2005).

The relevant provisions of the operating agreement are not ambiguous. Paragraph 6.2 of the limited liability company's operating agreement governs the expulsion of members. The operating agreement permits terminating "[a] member's interest in the company" by a vote of 60% or more of the disinterested voting interests. It defines disinterested voting members as those members whose membership "is not then being voted upon." The plain language of the operating agreement provides a procedure for expelling an individual member without any means for grouping interests; thus, appellants' argument that respondents' alleged joint action permitted appellants to group their interests and to vote to expel respondents simultaneously fails. Appellants' reliance on the interpretation of disinterestedness in *In re Amerco Derivative Litigation*, 127 Nev. 196, 252 P.3d 681 (2011), is misplaced because that case pertained

to a shareholder derivative action, which is not at issue here, and the operating agreement here expressly defines "disinterested voting member." Further, appellants' argument has the absurd consequence of permitting a holder of, e.g., a 1% interest in the company, to declare that holders of the remaining 99% are jointly acting against company best interests and to expel that majority. *See Reno Club, Inc. v. Young Inv. Co.*, 64 Nev. 312, 325, 182 P.2d 1011, 1017 (1947) ("A contract should not be construed so as to lead to an absurd result.").

The district court's application of a civil-conspiracy standard to determine whether respondents' interests may be grouped for the purpose of expulsion lacks a basis in the operating agreement, and the district court accordingly erred to the extent that it relied on such a standard. However, the agreement did not provide a mechanism for appellants to expel respondents jointly rather than individually, and the record makes clear that 60% of disinterested voting interests did not vote to expel either respondent individually, such that the district court did not err in determining that appellants' efforts to expel respondents failed or that appellants did not have a likelihood of success on the merits. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (affirming when district court reached correct result on incorrect basis).

*Substantial evidence supports the district court's finding that the asset transfer would not cause the company irreparable harm*

The district court determined that appellants failed to demonstrate a basis to interfere with respondents' majority-approved decision to transfer assets to CW and denied appellants' request to enjoin

the transfer.[1] The record contains evidence that "a reasonable mind might accept as adequate to support" that the transfer would not cause irreparable harm. *See State Emp. Sec. Dep't v. Hilton Hotels Corp.*, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (internal quotation marks omitted). Accordingly, as appellants failed to show a reasonable probability of irreparable harm, we conclude that the district court did not abuse its discretion in denying appellants' motion.

Having considered appellants' contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.                  _____, J.
Hardesty                                       Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, Chief Judge
       Stephen E. Haberfeld, Settlement Judge
       Garman Turner Gordon
       Jennifer M. Goldstein
       Naylor & Braster
       Kolesar & Leatham, Chtd.
       Eighth District Court Clerk

---

[1]Appellants do not challenge the district court's determination that the parties' respective efforts to expel each other from the company threatened to cause irreparable harm to the company or its corresponding order enjoining the parties from further efforts to expel each other.